THE PEOPLE, *ex rel.* GLANDER & PERSON,

*against*

THE JUSTICES OF THE MARINE COURT of the city of NEW-
YORK.

The act for the relief of debtors with respect to the imprisonment of their persons (1 R. L. 348, *s.* 4) extends to debtors in execution on judgments founded on *wrongs* as well as on *contracts, e. g.* on an *assault and battery.*

ON shewing cause why a mandamus should not issue, it appeared that the relators were sued in the Marine Court for an assault and battery, to which they severally pleaded not guilty ; judgment passed against them, and they were committed to gaol on a *capias ad satisfaciendum* for $160 damages and costs ; that, on the 23d September, 1824, they respectively petitioned the Marine Court for a discharge, under the "act for the relief of debtors with respect to the imprisonment of their persons," passed *April 9th,* 1813 ; (1 R. L. 348) which was opposed, because the judgment was founded on a *wrong*—not on *contract.* Upon this ground, the prisoners were remanded ; and the hearing of the application adjourned.

*J. E. Lovett,* for the defendants, said the word " *debt,*" used in the statute, applies to a judgment founded upon contract. The statute was passed for the benefit of the unfortunate debtor, not for the relief of the guilty. The cases of *Jackson* v. *Smith,* (5 *John. Rep.* 115,) *The King* v. *Wakefield,* (13 *East,* 189,) *and Ex parte Benj. Lawrence,* (1 B. & P. 477) do not apply to the present question.

*J. M'Kown,* for the relators. The words of the act are too broad to be misunderstood. To warrant the interference of the Court, it is only necessary that the applicant should be charged in execution for a sum of money. *Strong* v. *White,* (9 *John.* 161) has no application ; for the act of 1811 was expressly limited to the case of judgments upon contract. In *Jackson* v. *Smith,* (5 *John. Rep.* 117) the Court leave it strongly to be implied, that if the defendant had been in actual custody upon a conviction for the contempt, the Common Pleas would have been right in discharging.

*Curia.* The question now is the same as it was upon the motion for a rule to shew cause ; and we see no reason to change the opinion we then expressed.

ALBANY,
October, 1824.

Mirwan
v
Ingersol

Rule absolute.

## Mirwan *against* Ingersol.

On certiorari to a Justice's Court; the plaintiff assigned errors ; and the defendant pleaded a special plea in bar, of accord and satisfaction, to which the plaintiff replied, taking issue. At the last *Monroe* Circuit, the cause coming on to be tried, the Circuit Judge decided that the defendant held the affirmative. And, he not being ready with his proof, his counsel declined appearing, and the cause was called, and the jury impannelled as upon an inquest by default. While the counsel for the plaintiff was engaged in drawing a special verdict, the defendant's witness appeared, and his counsel then asked leave to appear, and try the cause, stating that he could prove the truth of his plea. This was denied by the Judge ; and the plaintiff's counsel hastily drew a special verdict in these words : " And the jury find that *Thomas Ingersol* does not appear nor offer any evidence to prove the allegations contained in his plea." This was received and entered as the verdict of the jury ; and the plaintiff afterwards proceeded, without submitting the verdict to this Court, to tax his costs, perfect his judgment, and issue his execution.

The defendant may appear at the circuit, after the jury are impannelled for an inquest by default. A special verdict, finding that the defendant does not appear, nor offer any evidence in support of his plea, is a nullity.
The plaintiff cannot take judgment, *of course*, upon a special verdict, but it should be on motion in court.

A motion was now made, in behalf of the defendant, to set aside the verdict and all subsequent proceedings for irregularity, on these ground, among others, viz. 1. That the defendant should have been suffered to appear. 2. That the verdict was void. 3. That, at any rate, judgment could not be taken upon the verdict, without a special motion to this Court. And *Com. Dig. pleader,* (S. 21, 22) was cited to shew the verdict void.

*D. D. Barnard,* for the motion.