Ex parte
Thayer.

### Ex parte THAYER.

A discharge under the act to abolish imprisonment for debt in certain cases, (sess. 42, ch. 101,) extends to judgments in actions for wrongs.

THAYER made an affidavit that he was and is an insolvent debtor, and that he presented a petition, (made out as required by the act of the 7th of April, 1819, with the other papers required by that act) to the First Judge of Yates county, where the deponent resided, but the Judge refused to receive the papers, on the ground that it appeared by the deponent's inventory that he owed but one debt, which was due upon a judgment in the C. P. of Ontario county, recovered against the deponent for an assault and battery. Upon this affidavit,

*H. A. Wisner*, now moved for a mandamus, commanding the Judge to receive and act upon the application.

*W. M. Oliver*, contra, said he supposed the statute contemplated a discharge from debts due upon contract only. The words of the act, (sess. 42, ch. 101, s. 3,) giving the terms of the discharge, confine it to a *debt* or *debts*, due, &c. or *contracted for* before that time, though payable afterwards. By the 2d section the insolvent is to state the consideration of the debts which he owes, in the account of his creditors, before the Judge has jurisdiction. Both sections, taken together, would seem to imply that the discharge was not intended for that class of debts due upon judgments for wrongs, but such as arose upon contract. These alone can properly be said to have a consideration. It appeared to him that the insolvent should be put to his application under the 4th section of the "act for relief of debtors with respect to the imprisonment of their persons," (1 R. L. 349,) which he can make, if the plaintiff should think proper to charge him in execution.

*E. Cowen*, in reply, said that the words of the discharge are general, *debt* or *debts*, which clearly include all demands upon judgment, for whatever cause. Besides, one object of the statute was equality in the distribution of the debtor's

property among all his creditors. All his property passes, by the assignment, in trust for the creditors. If judgment creditors for a tort are not included, those claiming upon contract would take the whole, and exclude the former from their dividend. This would be unjust; but it followed from the ground taken against the motion. If a judgment for a tort could not be made the foundation of a petition, it could not be considered in a division of the insolvent's estate. There can be no difficulty in stating the consideration. It is the injury for which the judgment was obtained.

*The Court* were clear that the words *debt* or *debts*, used in the act, extended to demands due on judgment, whether upon tort or contract; and they said it had so been holden before.(*a*)

⸱ Motion granted.

(*a*) See *The People* v. *The Marine Court of New York*, (3 Cowen's Rep. 366,) where the same construction was given to the act for the relief of debtors, with respect to the imprisonment of their persons. (1 R. L. 348.)