## ROSE vs. BRIGGS.

To a plea of *discharge* under the act to abolish imprisonment for debt in cer_
tain cases, a *replication* that the monies claimed were not due or contracted
for, *previous* to the day of the making of the assignment, and that the debts
were contracted *after* that day, is good.

DEMURRER to replication.  The *declaration* was for goods
sold and delivered, money lent, &c. and the other money
counts ; the day of indebtedness being laid on the 1st Janua-
ry, 1829.  The defendant *pleaded* a discharge, obtained under
the act to abolish imprisonment for debt in certain cases, stat-
ing that *after the making of the several promises* and undertak-
ings in the declaration mentioned, to wit, on the 16th Novem-
ber, 1827, he presented his petition to a proper officer, praying
that his estate might be assigned for the benefit of all his cred-
itors, and that his person might forever thereafter be exempt-
ed from arrest or imprisonment by reason of any debt due at
the time of making such assignment, or contracted for before
that time; though payable afterwards ; and that such proceed-
ings were thereupon had, that afterwards, on the 10th Janu-
ary, 1828, a discharge was duly granted in conformity to the
prayer of his petition, setting forth the discharge *verbatim*, from
which it appeared that on the 10th January, 1828, the defend-

ant executed the assignment of his estate ; wherefore he prayed judgment whether the plaintiff ought to have execution against his person, &c. The plaintiff *replied* that he ought not to be precluded from having execution against the person of the defendant, because the several sums of money in the declaration mentioned were not contracted for, nor did the same exist, or accrue due to the plaintiff *previous* to the 10th January, 1828, and before the defendant was discharged ; and averred that the said several sums of money were contracted for by the defendant, and accrued due to the plaintiff *after* the 10th January, 1828, and after the defendant was discharged, as set forth in his plea, to wit, on the 1st January, 1829, concluding with a verification and prayer of judgment. To which replication the defendant *demurred.*

*Greene C. Bronson,* (attorney-general,) for the defendant.

*J. L. Wendell,* for the plaintiff.

BY THE COURT. The ground of demurrer is, that the replication tenders an immaterial issue. This might be so, if the provisions of the act to *abolish imprisonment* for debt in certain cases, Laws of 1819, p. 115, were like those of the act for giving relief in cases of *insolvency,* 1 R. L. 460, in relation to the debts upon which they operate. A discharge under the latter act reaches only such debts as were in existence at the time of *presenting the petition, McNeily* v. *Richardson,* 4 Cowen, 607 ; but a discharge under the former act exempts from imprisonment for, or by reason of any debt or debts due at the time of *making the assignment,* or contracted for before that time, though payable afterwards. The discharge pleaded in this case is under the former act, and whether the defendant is entitled to be exempted from imprisonment or not, depends upon the fact whether the debt for which he is sued was due or contracted for before or after the tenth day of January, 1828, the day on which the assignment was made, as appears by the discharge ; and the pleadings have put that fact fully and fairly in issue. But such would not have been the case, it is supposed if the discharge had been under the act for giving relief in cases of insolvency ; for if the issue had been, whether the

NEW-YORK,
May, 1831.

debt was contracted before or after the assignment was execu- ted, or the discharge granted, and it had been found for the de- fendant that it was contracted *before*, the court could not have said that he was entitled to judgment, because the debt might have been contracted before the assignment, and still not be reached by the discharge. Cro. Jac. 434. 1 Chit. 631. 2 Saund. 319, n. 6. The proper issue to form under that act would be whether the debt was or was not due or contracted before the presentation of the petition; but not so under the act to abolish imprisonment, for the discharge reaches all *debts due or contracted for before the assignment.* The repli- cation is therefore good.

Judgment for plaintiff, with leave to the defendant to rejoin, on payment of costs.