By the Court,

Bronson, J.
The statute requires that the petition shall be signed by the insolvent and the creditors who unite in it (2 R. S. 16, §3). The plea alleges that the insolvent, in conjunction with his creditors, did present a petition, praying, &c. It is necessarily implied in this allegation, that the parties to the petition,assented to the matters contained in it. The plea is in this respect sufficient—especially after verdict.
The second objection to the plea is fatal. The first clause of the 30th section of the statute, which declares the effect of the discharge, only extends to debts founded upon contracts, and if the last clause includes debts growing out of torts, it is restricted to such debts as are owing to persons “ resident within this state at the time of the first publication of the notice of the application for the discharge, or owing to persons not residing within this state, who united in the petition for his discharge, or who shall accept a dividend from his estate.” There is no averment in the plea that the plaintiff in the judgment, or the assignees who bring this action, ever resided within this state, or that they united in the petition, or accepted a dividend. As there was no averment whatever on the subject, we can not presume that any thing was proved on the trial. The defect is not cured by the verdict (Addington v. Allen, 11 Wendell, 374).
It is of course unnecessary to consider the other objection made on the argument. Motion granted.