ALBANY,
Feb. 1839.

Luther
v.
Deyo.

---

LUTHER *vs.* DEYO, impleaded with others.

An insolvent discharge, whether obtained upon the joint application of the insolvent and his creditors, or upon his sole application to exonerate his person from imprisonment, operates as well upon debts arising ex delicto as upon those arising ex contractu.

MOTION to be discharged from custody. The defendant Deyo was arrested on a *capias ad satisfaciendum* issued on a judgment obtained in 1836, *in an action of trover*. Previous to his arrest, to wit, on the 26th August, 1837, he had obtained an *insolvent's discharge* upon the application of *himself* and *his creditors* in conformity to the provisions of the statute relative to insolvent debtors, and now upon the production of the *discharge* moved that he be released from custody.

Feb. 1839.

*H. H. Martin,* for the motion.

*J. Edwards,* for the plaintiff, opposed the motion, insisting that the discharge did not affect debts arising *ex delicto,* and

that it operated only upon debts arising *ex contractu*. He contended that it was manifest from the several provisions of the statute on this subject that the legislature only contemplated discharges in matters of *contract ;* and urged that *torts* are not within the policy of insolvent or bankrupt laws. In support of his views upon this question, be referred to the argument of the counsel for the plaintiff in the case of *Smith and Brown* v. *Bennet,* 17 Wendell, 480, which although not passed upon by the court, inasmuch as the case was decided upon a minor point, he deemed unanswerable.

The CHIEF JUSTICE took the papers for consideration, and at a subsequent day, directed a rule to be entered that the defendant be discharged from custody. No formal opinion was delivered.

Motion granted.[*]

---

[*] During this term, the same question arose upon a similar application to be discharged from custody on a ca. sa., issued in the cause of *Stewart* v. *Kill-mar,* which was an action of replevin, on the ground of an insolvent discharge, granted under the article of the statute regulating voluntary assignments by an insolvent for the purpose of exonerating his person from imprisonment, and the same disposition made of it ; the CHIEF JUSTICE ordering the defendant to be released from custody. A similar order was made by Mr. Justice BRONSON, upon a like discharge exonerating the person of the insolvent from imprison-ment, in December 1836, in the case of *Clapper* v. *Betts,* which was an action of trespass,