[ *364 ]          *HAYDEN and others *vs.* PALMER and others.

In a plea of *an insolvent's discharge from imprisonment,* it is enough to give jurisdiction to the officer to allege the presenting of the *petition* and *schedule* required by the act; it is not necessary to state all the facts giving jurisdiction.

Nor is it necessary to aver that the *discharge* was exhibited to the sheriff when the insolvent is on the limits ; the provision of the act in this respect applies only where the insolvent is in *close custody.*

A *discharge from imprisonment* is good, as well where there are judgments against the insolvent in actions for *torts* as in actions on *contracts.*

Giving preferences to creditors previous to an·assignment under the act, may be urged in opposition to the granting of a discharge ; but it is no answer to a plea of discharge, although it appear on the face of the plea. It will not be regarded as fraudulent *per se* so as to avoid the discharge.

DEMURRER to pleas.   The plaintiffs declared on *a bond for the liberties* executed by the defendants on the arrest of one *Eli Savage* by the sheriff of the county of Oneida by virtue of a *ca. sa.* at the suit of the plaintiffs for the costs incurred by them in defending against a *mandamus* sued out by Savage.   The plaintiffs averred that the *mandamus* was sued out in relation to proceedings had by them as judges of the Oneida C. P. in an action of *trover* in which Savage was a party.   The bond was dated 24th March, 1838, and the plaintiffs alleged an *escape* of Savage on 6th December, 1838.   The defendant *Palmer* pleaded in his *sixth* plea in bar of a recovery, that on 24th September, 1838, *Savage* being an insolvent debtor residing within the county of Oneida,   presented to a supreme court commissioner residing within the same county a *petition* pursuant to the provisions of section one, of article five, of title one, of chapter five, of part second

of the revised statutes : said article five being entitled " Of Voluntary Assignments by an Insolvent *for the purpose of exonerating his person from imprisonment*," and containing such prayer as in and by said first section is described and required; and that on presenting the petition he delivered therewith a *schedule* and *affidavit* conformable in all respects to the provisions of the second section of the said fifth title, and made such *proof as by law is required in such case, and in all things com-    [ *365 ] plied with the requirements of the statutes of this state touching such petition and the proceedings to be had on the presenting thereof. The defendant then alleged that such proceedings were thereupon had, that afterwards, to wit, on 6th December, 1838, the commissioner granted a discharge declaring that the person of Eli Savage should forever thereafter be *exempted from imprisonment* by reason of any debt due, &c. whereupon *after* the granting of the discharge, Savage went without the liberties as he lawfully might; concluding with a verification and prayer of judgment. The *eighth* plea of the defendants was similar to the *sixth*, except that it set forth the proceedings before the commissioner *in hœc verba*. In the *schedule* accompanying the *petition*, John Savage of New-Hartford was set down as a creditor to the amount of $2438,61, and it was stated that the insolvent had executed to him a deed of all his estate, real and personal, in payment and on account of the indebtedness to John Savage, and as an inducement to him to pay a portion of moneys due to several creditors, whose names and the amounts owing to them respectively were stated. The property transferred was stated to be valued at $1500, subject, however, to two liens amounting together to upwards of $1900. The *ninth* plea of the defendant was like the *sixth*, except that after setting forth the granting of the discharge, the defendant averred that *after* the granting thereof and *before* the commencement of the suit, to wit, on 7th December, 1838, Savage in due form of law *produced the discharge to the sheriff* of Oneida, whereupon he went without the limits as he lawfully might.

To the *sixth* and *eighth* pleas the defendants demurred, assigning as special cause of demurrer that it was not alleged in those pleas that before Savage went at large and escaped, the discharge obtained by him had been exhibited to the sheriff, or that the sheriff had discharged him from imprisonment. There was a separate demurrer to the *ninth* plea, alleging the same special cause as above, and also that the plea was equivocal and contradictory.

*H. P. Hastings*, for the plaintiffs, insisted, 1. That the *sixth*    [ *366 ] plea was defective in not setting forth the substance of the petition, inventory, &c. ; and that the averment that the proceedings were in conformity with the statute, presents an issue involving both *law* and *fact*, and therefore is bad ; 2. That the *sixth* and *eighth* pleas were bad in not al-

leging that the discharge was *presented* to the sheriff, or that there was *an actual discharge by the sheriff;* 3. That the *eighth* plea was bad also, because on its face it showed that the discharge was obtained in fraud of the statute *by giving preferences;* and 4. That the article of the statute under which the discharge was obtained does not extend to a demand not founded upon *contract,* especially to a judgment for costs only, which is expressly excepted in *article six* of the same act, which is more favorable to the insolvent; and 5. That *article five* does not extend to an actual imprisonment on a judgment in *tort.*

*W. Tracy,* contra.

*By the Court,* NELSON, Ch. J.   It is objected that the *sixth* plea is defective in not setting forth the substance of the petition and inventory; that the averment of conformity with the act presents a mixed question of law and fact, and is therefore bad.   The case of *Service* v. *Heermance,* 1 *Johns. R.* 91, and several others that might be referred to, shew that it is not necessary, or even proper, to state the facts giving jurisdiction to the officer with any greater particularity. It would lead to useless and tedious prolixity, and the particular facts are therefore dispensed with.

Although the 11th section of the act, 2 *R. S.* 788, directs, that if the insolvent be in prison, he shall be discharged therefrom on producing his discharge, it obviously was intended to apply to the case of close custody, and not where the prisoner is at large upon the limits; and besides, it is simply directory.   The exemption is complete on the execution of the discharge, except that when in prison on mesne process the prisoner must endorse his appearance, § 10, 11.

[ *367 ]     This court has repeatedly held, that a discharge under *this act extends to debts in judgment, though rendered in actions for *torts.*   4 *Cowen,* 66.   19 *Wendell,* 629, 630. *and note.*

The eighth plea, which sets out the proceedings before the commissioner *in hæc verba,* contains the inventory of debts, &c. and states that the insolvent, at some time previous, had conveyed all his estate, real and personal, to a person who had assumed the payment of numerous debts, which are specified.   The value of the security is stated to be nominal, compared to the debts assumed.   This doubtless, afforded ground for resisting the discharge before the officer; but cannot be regarded as fraudulent *per se,* so as to render it void.

None of the several grounds taken to invalidate the pleas can be maintained, and the defendants are therefore entitled to judgment.

Judgment for the defendants.