Grocers' National Bank agt. Clark.

———————

# SUPREME COURT.

## THE GROCERS' NATIONAL BANK agt. GEORGE A. CLARK.

It is the right of a party affected to assail an act of a *public officer for want of jurisdiction;* and he does not preclude himself from so doing by any agreement not to raise the question, even if founded on a sufficient consideration.

Grocers' National Bank agt. Clark.

Appearing and participating in proceedings over which a court or officer *has not jurisdiction*, does not prevent a party from assailing them for want of it.

Where an officer has authority and jurisdiction to grant a *discharge* to an imprisoned, insolvent debtor, under the Revised Statutes (*Art. 5, ch. 5, tit. 1, part 2*), a plaintiff in an action against such debtor, has a right to object to the discharge of the defendant *from arrest* upon or by reason of his claim, unless it is a claim *arising on contract.*

And the plaintiff is not precluded from making such objection, by reason of his having appeared before the officer and opposed generally the debtor's applicacation for his discharge.

The *forms of the counts*, in a complaint, do not in all cases furnish the court the best evidence of the real nature of the plaintiff's claim. The *facts* out of which it originated must be ascertained in order to comprehend the real ground of the action.

Where the first cause of action mentioned in the plaintiff's complaint is, what would have been called (when it had a name) *trover;* and the second cause of action *case*, to recover damages for fraudulently certifying bank checks, by means whereof a large sum of money was fraudulently abstracted from the plaintiff: *Held*, that both causes of action are in *tort* and not on *contract.*

The plaintiff might have waived the fraudulent conversion, and sued the defendant for so much money had and received to its use; but not having done so, the *discharge* of the defendant does not apply to his imprisonment upon the plaintiff's claim. His discharge applies only to debts arising *on con-. tract.*

*New York Special Term, June,* 1866.

*Before* MULLIN, *Justice.*

MOTION by defendant to exonerate bail.

'The defendant was deputy cashier of the plaintiff, and while holding that office and in the year 1857, he is charged with having fraudulently certified checks drawn upon said bank, by means whereof he fraudulently obtained $68,000 of the moneys of the said bank and converted the same to his own use, or to the use of some person other than the said bank.

On discovering this alleged fraudulent use of the funds of the bank, the plaintiff commenced an action in the supreme court against the defendant and caused him to be arrested and for want of bail he was imprisoned in the jail of the county of Kings, in which county he was arrested. The defendant was afterwards let to bail in the sum of $20,000. While he was in prison he applied to the county judge of said county of Kings, pursuant to the 5th article of chapter 5, title 1 of part 2 of the Revised Statutes, relating to voluntary assignments by an insolvent for the

Grocers' National Bank agt. Clark.

purpose of exonerating his person from imprisonment to be discharged upon complying with said article.

The plaintiff appeared before the said judge, and by its counsel opposed the defendant's discharge. A jury was summoned and impannelled to try certain issues raised by the plaintiff's counsel and other parties opposing; said issues were found in favor of the defendant, and the county judge ordered the defendant's person discharged from imprisonment, pursuant to the prayer of his petition and of the provisions of the statute aforesaid. Such discharge being granted, the defendant's counsel makes this motion in behalf of the bail of the defendant to discharge them from further liabilty on their undertaking.

BARNEY, BUTLER & PARSONS, *attorneys, and*
GEORGE W. PARSONS, *counsel for defendant.*

In this action plaintiffs claim that defendant was guilty of certain malfeasances in the performance of his duties as paying teller or assistant cashier of the late Grocers' Bank, and bring this action to recover the amounts which it is alleged that defendant caused to be misappropriated, and the concluding paragraph in the complaint is " and the defendant is now indebted to plaintiffs for the said claim," &c., and at folio 2, of the affidavit upon which the order was obtained plaintiffs' cashier states " that the debt which is the cause of this action was incurred by the defendant in the misapplication," &c.

The defendant was arrested under an order of arrest issued in the action, and imprisoned in Kings county jail. While so imprisoned he petitioned to Judge DIKEMAN, county judge of Kings county, for a discharge from all imprisonment, pursuant to the provisions of article 5, title 1, chapter 5, part 2 of Revised Statutes.

After the commencement of such proceedings, but before the discharge was actually granted, defendant was admitted to bail in this action. The discharge having been granted after a full contest in respect to all questions which could

be urged against it, the bail now seek to be exonerated. The case is still at issue.

*First.* This is unquestionably the proper remedy for the bail. (*Kane* agt. *Ingraham*, 2 *Johns. Cases* 403; *Seaman* agt. *Drake*, 1 *Caines' R.* 9; *Cheatham* agt. *Lewis*, 2 *Johns.* 104; *Olcut* agt. *Lilly*, 4 *Johns.* 407; *principle applied in Franklin* agt. *Thurber*, 1 *Cow.* 427; *Code* § 191.)

1. It is held in the above cases that a formal surrender of the defendant before making such a motion is unnecessary.

*Second.* The plaintiffs having appeared on the insolvent proceedings and contested the petitioner's right to the discharge upon every ground, and those questions having been adjudicated in such proceedings and judgment given in our favor, as appears by the discharge, it is not competent for plaintiffs in this collateral way to assail such judgment or discharge. If not satisfied with the result there, they had their remedy by appeal to test the validity of the discharge. (*Field* agt. *Howland*, 17 *Johns.* 25; *Rich* agt. *Salhinger*, 11 *Abbott* 344, and cases cited; *Stuart* agt. *Salhinger*, 14 *Id.* 291, and cases cited.)

The discharge is presumptive evidence of all the facts asserted in it, and is conclusive until overthrown by evidence of some fraud. (*Campbell* agt. *Perkins*, 4 *Seld.* 437; *Sherwood* agt. *Mitchell*, 4 *Denio* 437.)

*Third.* But if the court felt authorized thus to review the proceedings and decision of the judge who granted the discharge, the objection that such a discharge does not reach or cover the claims in this action is untenable.

1. The objection is too sweeping. All arrests and imprisonments under the Code are upon some charge of tort, and plaintiffs' objection would virtually abrogate this statute, which the Code expressly preserves. (§ 179 *Code*; § 471 *Code*.)

*Fourth.* Again, plaintiffs have not prosecuted for the tort. They sue in a civil action to recover a *debt* as they allege in both the affidavit used to obtain the order and in their complaint (*Folio* 2, *affidavit, last clause in complaint*).

1. It was always competent to waive any tort, even a theft, and sue on an implied assumpsit.

2 They sue for the exact sum they say was misapplied or used by defendant.

3. They are concluded by their own pleading from saying this claim is not sued for as a debt, a money demand, or in the language of the Code, "for money received." (*Sub.* 2, § 179; *Campbell* agt. *Perkins*, 4 *Seld.* 430, 438 *and* 441.)

*Fifth.* The language of article three, section thirty-three and thirty-four, and article five, section ten and eleven, in respect to the terms and effect of the discharges, are almost identical, and it has been repeatedly held that discharges obtained pursuant to article three would exonerate from arrest even for tort.

1. Article three contains provisions of law enacted originally in 1813, and enables an insolvent debtor with the aid of two-thirds in amount of his creditors, not only to be discharged from his debts but to be released from arrest and imprisonment.

2. Next came article four, laws of 1817, which provides for compelling a debtor imprisoned in a civil action to assign his estate and take his discharge from imprisonment.

3. Then follows article five, laws of 1819, to enable any debtor, on making a proper assignment of all his property, to be exonerated from arrest, and if actually imprisoned to be discharged from that, but not from his debts; and this whether the claims be in judgment or not.

4. Article six, passed subsequently, provides for discharges where debtors are imprisoned on execution.

In *Burns* agt. *Baker* (1 *Johns. C.* 134), defendant sought to be discharged under the "act for the relief of debtors with respect to the imprisonment of their persons." One of the objections urged was that defendant was in custody in a suit for a tort, a breach of promise. The court held the objection untenable.

In *Luther* agt. *Dey* (19 *Wend.* 629), it was held that an insolvent's discharge whether obtained upon the joint application of the insolvent and his creditors, or upon his sole

application to exonerate his person from imprisonment, operates as well upon debts arising *ex delicto* as upon those arising *ex contractu*. In that case the imprisonment was in an action of trover for conversion of property.

The same principle was affirmed in *Deyo* agt. *Van Valkenburgh* (5 *Hill* 242).

In case of *Stewart* agt. *Killman*, quoted in the marginal note of last case but one cited, the imprisonment was in an action of replevin, and the discharge had been obtained under the same article five, under which we now proceed, "of voluntary assignments by an insolvent for the purpose of exonerating his person from imprisonment," and the court held the discharge sufficient, the chief justice ordered the defendant to be released.

In the case of *Clapper* agt. *Betts*, reported in same place in case of proceedings under the same article (5), the court, BRONSON, J., the imprisonment being in an action of trespass, ordered the discharge of the defendant.

In the case of *The People &c.*, agt. *The Marine Court* (3 *Cow*. 366), where a discharge had been obtained under a similar statute—laws of 1813, and the judgment on which it was sought to hold defendant was for an assault and battery, the supreme court held that defendant was entitled to his discharge ; also *ex parte Thayer* (4 *Cow*. 66).

It the case of *Hayden* agt. *Palmer* (24 *Wend*. 364), the proceedings for the discharge had been taken under article five, and the objection was that the judgment had been obtained in an action of trover. The court, NELSON, Chief Justice, held that the discharge was good.

*Sixth*. Article five of the statute makes no distinction between claims liquidated and unliquidated, between those not in judgment and those in judgment; nor would there be any sense in making a distinction (*Clinton* agt. *Hart*, 1 *John. R. p.* 375).

1. The only cases where any such distinction is made is where the proceedings have been taken under article three, where a discharge from *all debts* is sought upon the basis of having obtained two-thirds of all the creditors to the petition,

and the courts very properly say in such cases it could not be determined as to claims for unliquidated damages, whether the requisite amount have petitioned. But they concede that where such claims have been liquidated by the recovery of judgments the discharge is effectual as to those as well as to claims in actions *ex contractu.*

2. Another answer is the point before urged, that the claim here is for specific amounts, which are as definite as a claim for goods sold and delivered.

*Seventh.* But principles established in the well considered case of *Hatten* agt. *Speyer* (1 *John. R.* 37), seem to show very conclusively that no such distinctions exist as is claimed by plaintiffs, in respect to the character of the claims for which the action is brought. (*See also last part of page* 439, *Campbell* agt. *Perkins,* 4 *Seld. pp.* 440, 441.)

1. As before urged, the only sense in any distinction which ever existed was in reference to the act under which a discharge from *debts* was sought, and it was held in some cases that if it appeared from the action that the damages were incapable of liquidation, *e. g.,* damages in actions for assault and battery, they could not be estimated under the two-third act, and hence could not be discharged or affected by a discharge.

WILLIAM A. COURSEN, *counsel for plaintiffs.*

*First.* There is no practice warranting this motion. If the discharge mentioned in the affidavit of the defendant, read on this motion, operates to discharge the effect of the order of arrest in this action, then such discharge can be pleaded at such time as an action may be brought in which the discharge can be a defense. The court will not now anticipate any action, and in advance give affirmative relief to the defendant.

*Second.* The statute under which the discharge was obtained does not refer to and has no possible effect upon any debts or debtors, except those arising upon or connected

with contracts. (*See the 1st section of the statute, article 5, chap. 4, part 2, R. S.*)

The action now before the court arises solely on a *tort.* This is not only beyond dispute, but the defendant has very earnestly pressed that fact upon the attention of this court on a motion to vacate the order of arrest, and on his appeal to the general term, on both of which occasions the sole argument (that was at all attended to) was that this action was upon a *tort*, and was not brought by the original owner of the claim, and that as a *tort*, it (the claim) was not assignable. (17 *Wend.* 480 ; 24 *Id.* 366.)

*Third.* No case can be found in which the statute was applied to debts on torts. Indeed it would be manifestly a perversion of the use of language if it were done. The statute applies exclusively to debts arising upon contracts, and as clearly so as words can express or designate anything. All the cases quoted applied to debts on contracts originally, or else to judgments obtained in actions upon *torts*. We all admit that *after* A JUDGMENT *is obtained*, then no matter what the aspect of the debt or claim had been, the judgment makes it a *quasi contract.* The one great feature of a claim on a *tort*—the indefiniteness *of amount* —is gone, and the law makes an implied contract for any defendant to pay a judgment obtained against him.

*Fourth.* In regard to the appearance of the plaintiffs on the order to show cause before Judge DIKEMAN, we reply : That the question of the defendant's good faith in making up his schedule was the sole question tried before the jury or passed upon by the court. That question is not a matter of contest before this court, and is in fact of no further moment. The schedule was passed upon by a jury and pronounced to be perfect. The county judge did not pretend to (and there is nothing bearing on that point now before the court) dispose of the question whether or not a discharge under that " order to show cause " would be a discharge in this action.

We also call the court's attention to the wording of the order to show cause, whereby it appears the arrest in this

action was specifically brought before the county judge, and yet it is indisputable that the county judge made no decision whatever on that portion of the order to show cause.

*By the court*, MULLIN, J. I shall examine but two of the questions raised by counsel on this motion. These are, first: Whether the plaintiff by appearing before the county judge and opposing defendant's discharge is estopped from disputing the validity of such discharge as applied to the claim for which the defendant was imprisoned? and, second: Whether the discharge granted by the said judge applies to and discharges the defendant from imprisonment for the claim, on account of which the arrest and imprisonment were had?

1st. As to whether the plaintiff is estopped from disputing the application of the discharge to its claim.

It is not denied but that the county judge acquired jurisdiction of the proceeding, nor but that the discharge granted operates to discharge the person of the plaintiff from imprisonment " *by reason of any debts arising on contracts previously made.*"

The question therefore is, whether the discharge applies to the arrest, upon the plaintiff's claim. It does apply if the claim is a debt arising on contract, not otherwise. To give to the discharge an effect greater than is permitted by the statute, would be to extend the jurisdiction of the officer by consent, to a case not only not contemplated but impliedly excluded from it. It is the right of the party affected to assail an act of a public officer for want of jurisdiction, and he does not preclude himself from so doing by any agreement not to raise the question, even if founded on a sufficient consideration (*Dudley* agt. *Mayhew*, 3 *Comst.* 9).

Appearing and participating in proceedings over which a court or officer has not jurisdiction, does not prevent a party from assailing them for want of it (*Garcie* agt. *Sheldon*, 3 *Barb.* 232).

But there was no want of jurisdiction in the officer to do all that he has attempted to do. The difficulty, if there is

any, lies in claiming for the discharge a much larger operation than is intended to be given to it by the statute.

The plaintiff has an undoubted right to object to the discharge of the defendant from arrest, upon or by reason of its claim, unless it is a claim arising on contract.

This brings me to the second and the only question of importance arising on this motion. Does the discharge apply to the claim of the plaintiff?

By the first section of article five above cited, it is provided that every insolvent debtor may present a petition to one of the officers named therein, praying that his estate may be assigned for the benefit of all his creditors, and that his person may be thereafter exempted from arrest or imprisonment by reason of any debts arising upon contracts previously made.

After prescribing the mode of proceeding upon such petition, the tenth section provides, that upon the imprisoned debtor complying with the provisions of the act, the officer to whom the petition was presented shall grant a discharge, declaring, and its effect is, that the person of such insolvent shall forever thereafter be exempted from imprisonment by reason of any debt due at the time of his assigning his property in obedience to said statute, or contracted before that time though payable afterwards, and by reason of any liabilities incurred by him by making or indorsing any note or bill of exchange, or incurred by him in consequence of the payment by any party to such note or bill, of the whole or any part of the money secured thereby, whether such payment was made before or after such assignment.

It will be seen by reference to the provisions of the tenth section that it is *debts arising on contract only* that are discharged. Is the plaintiff's claim a debt arising on contract?

The pleadings may not under the Code present the facts upon which the plaintiff's right to recover rests. The plaintiff may under the present, as well as under the former practice, waive a tort, and seek to recover upon an implied promise to pay the debt or perform the duty set forth in the complaint. In this, as well as in other cases which might be

Grocers' National Bank agt. Clark.

enumerated, the plaintiff may proceed for a cause of action different from that which the facts in the case if disclosed would warrant. It follows that the form of the count does not in all cases furnish the court the best evidence of the real nature of the plaintiff's claim. The facts out of which it originated must be ascertained in order to comprehend the real ground of the action.

In this case the first cause of action set out in the complaint is in trover. The second is, what under the old practice would have been designated a count in case, to recover damages for the fraudulently certifying that the drawers of checks upon the plaintiffs' bank had funds therein applicable to the payment thereof, whereas in truth and in fact the drawers had no funds in said bank, by means whereof a large sum of money was fraudulently abstracted from said bank.

Unless these facts create the relation of debtor and creditor between the defendant and the plaintiff, the claim of the latter is not a debt arising on contract. It is impossible it seems to me that a fraudulent conversion of the plaintiff's money can against the will of the plaintiff be construed into a contract by which the one agrees to receive and the other to pay the money thus fraudulently abstracted.

It is true that plaintiff might waive the fraudulent conversion and sue the defendant for so much money had and received to its use, and if it had done so the defendant might be entitled to his discharge, but it has not so done. Both causes of action are in tort and not on contract. It has not waived the wrong and elected to treat the defendant as its debtor. It charges him with the fraud, and demands the damages which it has sustained by reason of it. The use of the words "*debt*," "*demand*" or "*indebted*" in the complaint does not determine the nature of the action; that can be ascertained only from the whole complaint, and not from particular words or phrases which may be contained in it.

Treating the action as one in tort, it follows that the

discharge does not apply to the imprisonment of the defendant upon the claim set forth in the complaint.

It was held in *Crouch* agt. *Gridley* (6 *Hill* 250), that a discharge in bankruptcy did not affect the defendant's liability for seduction, although the cause had been tried by referees, the amount of damages agreed upon, and a report signed but not delivered before the discharge. The courts say there is no ground for saying that the discharge reaches his (the defendant's) liability for this tort, unless the plaintiffs' demand had become a debt before the petition was presented. Cases are cited by BRONSON, J., to show that even if a verdict had been rendered the claim for the tort would not have been impaired.

*Kellogg* agt. *Schuyler* (2 *Denio* 73), holds that a verdict in trespass recovered before proceedings in bankruptcy, is not affected thereby.

In *Strong* agt. *White* (9 *Johns. R.* 161), the defendant was charged in execution for damages and costs in an action for libel. He afterwards obtained a discharge under the insolvent act and was brought up on *habeas corpus* to be discharged. The court says an action for libel is not for a debt or on a contract express or implied within the meaning of the act of the insolvent act of 1811, chapter 123.

In *Spalding* agt. *The People* (7 *Hill* 301), a fine imposed for violating an injunction was held not to be affected by a discharge in bankruptcy.

The case of *Hodges* agt. *Chase* (2 *Wend.* 248), is directly in point and conclusive of this motion. In that case the plaintiff in vacation obtained a verdict against the defendant in trespass. After the verdict, but before judgment, the defendant obtained a discharge in proceedings to exempt his person from imprisonment, and a motion was thereupon made to so enter the judgment as to exempt the body of defendant from imprisonment. But MARCY, J., held that the verdict was not a debt at the time of granting the discharge, and it did not therefore protect the defendant (*See also Smith* agt. *Bennett*, 17 *Wend.* 479 ; *Kennedy* agt. *Strong*, 10 *J. R.* 289 ; 14 *Id.* 128.)

Grocers' National Bank agt. Clark.

In the following cases it was held that a discharge under the act providing for the discharge of the person of a debtor from imprisonment, applied to judgments in actions for torts as well as contracts. (*The People* agt. *The Marine Court*, 3 *Cow.* 366; *Ex parte Thayer*, 4 *Cow.* 66; *Hayden* agt. *Palmer*, 24 *Wend.* 364; *Luther* agt. *Deyo*, 19 *Id.* 629, *and cases cited in note.*) In the cases last cited as well as in the cases referred to in the notes to it, judgment must have been recovered, as in all of them the defendants were in custody under a writ of *ca. sa.*, which issued only to enforce a judgment.

No case has been cited nor have I been able to find any in which it has been held that a discharge in bankruptcy or insolvency affects actions of tort, unless judgments have been entered. The issues joined in this case have not been tried, and of course no judgment has been entered and the defendant is not within the principle of the cases last cited.

I am, therefore, constrained to deny the motion to exonerate the bail, with $10 costs of the motion.