### SYMMES GARDNER *v.* SYLVESTER LAY.

The plaintiff, during the pendency of the action, petitioned for his discharge as an insolvent debtor, and afterward suffered a default to be taken in the action, and a judgment for costs was rendered against him before his final discharge as an insolvent. The defendant procured an order for the plaintiff's examination as a judgment debtor, under section 292 of the Code of Procedure, which the plaintiff moved to set aside, on the ground of his discharge as an insolvent, and on the further ground that the judgment by default was taken in violation of a verbal agreement between the parties.

*Held,* That the plaintiff was not discharged from the judgment by the insolvent discharge.

Although the court will not, in general, decide upon the validity of an insolvent's discharge by affidavits on motion, yet, where the only question is, whether a discharge, admitting it to be valid, operates to discharge a particular judgment, and there is no question as to the facts, the court will not put a party to an action upon the judgment to determine that question.

A parol agreement between the parties to a suit that the action should be discontinued without costs, and that, therefore, a judgment dismissing the complaint with costs, against the plaintiff, was a surprise to him, are not grounds for vacating an order for the plaintiff's examination on proceedings supplementary to an execution on such judgment. The remedy is by an application to open the judgment.

APPEAL by the defendant from an order vacating an order for the examination of the plaintiff as a judgment debtor on proceedings supplementary to execution.

On the 20th day of February, 1861, the plaintiff petitioned, under the Two-third Act, for his discharge as an insolvent debtor. In March of the same year, in a suit pending at the time of the petition, the plaintiff suffered a default, and the defendant dismissed the complaint, and entered a judgment against the plaintiff for $110 costs. In the following November, the plaintiff was discharged from his debts. The defendant procured an order for the examination of the plaintiff on supplementary proceedings, which the plaintiff moved to vacate, on the ground of the discharge, and on the further ground that the judgment of dismissal had been taken in violation of a parol stipulation. The motion was granted, and the defendant appealed.

*Sylvester Lay*, for the appellant.

*John E. Parsons*, for respondent.

By THE COURT.—DALY, F. J.—The statement of the plaintiff, that the defendant agreed that the suit might be discontinued without costs, and that the judgment was therefore a surprise upon him, is declared by the defendant to be untrue, and the defendant's affidavit is substantiated by the facts detailed in the affidavit of the plaintiff's attorney. But even if such an agreement had been made, it would not entitle the plaintiff to have the supplementary order set aside. His remedy would be to apply to the court to open the judgment, and it would depend upon the result of that application, whether the supplementary order could be discharged or not.

There was no debt owing by the defendant to the plaintiff, nor any such contingent liability as the statute has provided for (2 R. S. p. 22, sec. 32, p. 17, sec. 5), when the plaintiff petitioned for his discharge. The order for the appearance of creditors, and directing notice to be served upon them personally, or by mail, was made on the 26th of February, 1861.

Long anterior to that, the plaintiff brought an action of trover against the defendant, which action was pending when the plaintiff petitioned for his discharge. The plaintiff having failed to prosecute the action, the defendant, when the cause was reached upon the calendar, took an order dismissing it, and entered up a judgment for his costs. The judgment was entered up on the 14th of March, 1866, and on the 14th of November, 1861, the plaintiff obtained his discharge as an insolvent. When the judgment was entered, it became a debt of record, and the defendant did not, until then, become a creditor of the plaintiff. If the plaintiff had petitioned for his discharge, after this judgment was entered, the judgment, though in tort, would be a debt to be included in the petitioner's schedule (*Ex parte Thayer*, 4 Cow. 66 ; *Hayden* v. *Palmer*, 24 Wend. 364), and it would have been necessary to serve notice of the order to show cause upon the defendant as a creditor.

But when the plaintiff obtained the order for his creditors to show cause why an assignment of his estate should not be made, and he be discharged from his debts, the defendant was not a creditor. No claim, demand, debt, or any such contingent liability as the statute has provided for, was then in existence. The defendant could not have united with the other creditors in petitioning for the plaintiff's discharge, nor could the plaintiff have included him in the schedule of his creditors. The sum owing to each creditor is to be stated in the schedule (2 R. S. 17, sec. 5), which could not have been done, as there was no sum owing; the debt, which was created by the entering of the judgment, having arisen afterward, through the plaintiff's failure to bring his action to trial. The plaintiff, when he made his application, did not regard the defendant as a creditor. He did not include him in the schedule, nor was any notice served upon him. Upon this state of facts, it is very clear that the judgment was not affected by the plaintiff's subsequent discharge as an insolvent. The case of *Wilkins* v. *Warren* (14 Shepley, 438) is in point. There, a person commenced a suit, and, while it was pending, he became a bankrupt. He afterward failed to maintain his action, and judgment was rendered against him for costs. In an action of debt upon that judgment, it was held that his bankruptcy furnished no defense.

In *Kellogg* v. *Schuyler* (2 Denio, 73), it was held that a judgment, rendered after the defendant had presented his petition in bankruptcy, was not affected by the subsequent discharge of the defendant as a bankrupt, and to the same effect are *Ingersoll* v. *Rhoades* (Hill & D. Supp. 371), and *McNeilly* v. *Richardson* (4 Cow. 607), and *Rose* v. *Briggs* (7 Wend. 70), in relation to discharges under our insolvent laws.

Where, however, the debt is in existence when the debtor applies for his discharge, as where it is in the form of a promissory note, and before the discharge, judgment is rendered upon the note, the discharge may be pleaded to an action upon the judgment (*Clark* v. *Rowling*, 1 N. Y. 316), because the court, looking beyond the judgment, can see that a debt existed when the application was made, which would have been reached by the discharge, and which is reached by it, notwithstanding that the debt has been merged in a judgment; a very different case from the one under consideration.

The decision of the court, at special term, would seem to have been made upon the ground that the defendant would have to bring an action upon the judgment, to enable the court to pass upon the question raised. An action upon the judgment, on the framing of an issue, is necessary where the judgment creditor sets up that the discharge is void for any of the causes enumerated in the thirty-fifth section, 2 R. S. p. 23 (*Stuart* v. *Salhinger*, 14 Abb. 291). The court will not decide such a question on a motion by affidavits, but will require it to be tried by a jury, before whom the witnesses can be orally examined and cross-examined. It will not, said Cowen, J., in *Dey* v. *Van Valkenburgh* (5 Hill, 245), receive affidavits to show that the discharge was void for causes mentioned in the statute, as it distrusts the force of such proof, and turns the party over to a more satisfactory mode of examining the question. But in this present case the discharge was not impeached, nor was any question raised as to its validity, either upon the ground of fraud, or for the want of regularity in the proceedings, or for any other cause. The ground taken was, that though a good and valid discharge under the act, it did not operate to discharge this particular judgment. There was no question as to the

facts. The point presented was simply a question of law, arising· upon an undisputed state of facts, which could be decided quite as well upon a motion as in any other form of proceeding. If· there is no question as to the integrity of the discharge, but the· point presented is whether it affects a particular judgment, there is no occasion to put the party to an action upon the judgment, as such a question can be disposed of upon a motion (*Mechanics' Banking Association* v. *Lawrence*, 1 Sand. S. C. R. 659 ; *Parkinson* v. *Scovill*, 19 Wend. 150). The order appealed from should therefore be reversed.

Order reversed.