MARTHA CREBLE, Plaintiff, v. MARTIN YOUZWIAK, Defendant.

Supreme Court, Columbia County, December 6, 1930.

*John L. Crandell*, for the petitioner.

*Herzberg & Garrison*, for Martha Creble, individually, and also as administratrix, respondent.

McNAMEE, J. The petitioner is indebted to the respondent above named under two judgments, one in her favor individually, and one in her favor as administratrix, obtained in actions founded on tort, to wit, the negligence of the petitioner, and the petitioner here seeks to obtain discharge and exemption from arrest and imprisonment which he is now suffering under a body execution pursuant to one of those judgments, and exemption from arrest and imprisonment by reason of the other judgment. The petitioner is unquestionably insolvent.

It is objected by the respondent that this proceeding cannot be maintained under article 4 of the Debtor and Creditor Law, but should have been instituted under article 5 of that law; and also that a judgment debtor may not be discharged from imprisonment or exempted from arrest in an action founded upon a claim arising *ex delicto*, as distinguished from a claim arising *ex contractu*.

While it is true that section 107 provides for exemption from arrest or imprisonment by reason "of any debt due at the time of making the assignment, or contracted before that time, though payable afterwards; or by reason of any liability incurred," by indorsing notes, etc., and does not refer to claims arising *ex delicto*, such claims are not expressly excluded by the language of that section. Section 104 directs the court to make an order "requiring *all the creditors* of the petitioner to show cause   *   *   * why the prayer of the petitioner should not be granted;" and section 73 (made applicable by reference) entitles "any creditor" to examine the petitioner touching his property, debts and schedules, and any changes in the situation of his property after making the schedules; and section 107 exempts the petitioner from arrest or imprisonment by reason of "any debt" due at the time of

making the assignment, without classifying the debts, except as such classification might be contended for under the language immediately following, and above quoted. Section 138 (applicable by reference) expressly excludes, among other things, duties to the United States and taxes to the State of New York, which clearly do not arise *ex contractu*, and this would appear unnecessary if only contract obligations were within the contemplation of the statute. In other words, in harmony with the purpose and intent of the legislation generally to alleviate from the rigors of imprisonment for debt, the spirit of the statute seems to be to include within the provisions of article 4 all debts, whether arising *ex contractu* or *ex delicto*, when not expressly excluded by those provisions. While no recent decisions have been submitted in which this question was discussed, this view is in harmony with the early cases: *Hayden* v. *Palmer* (24 Wend. 364, 366); *Ex parte Thayer* (4 Cow. 66); *Suydam* v. *Belknap* (20 Hun, 87); *Luther* v. *Deyo* (19 Wend. 629); *Matter of Brady* (69 N. Y. 215).

Both of these articles of the Debtor and Creditor Law have come down to us in substantially the forms in which they exist now from the Revised Statutes and the Code of Civil Procedure (R. S. part 2, chap. V, arts. 5, 6; Code Civ. Proc. §§ 2188–2218). Article 4 of the Debtor and Creditor Law applies specifically to the exemption and discharge of *insolvent* debtors, as indicated in the title of that article, and by section 100 thereof, whether imprisoned or not. Article 5 provides for a discharge from imprisonment of a person *indebted,* whether insolvent or not, as appears by the title of that article, and sections 120 and 128 thereof. Under article 4 a petitioner may be exempted from arrest and discharged from imprisonment by reason of all claims against him; whereas under article 5 he may be thus exempted and discharged only on account of debts for which he is presently imprisoned. It is thus seen that article 4 has a broader scope, and resort to it may avoid successive proceedings. (*Develin* v. *Cooper*, 84 N. Y. 410, 419.) The petitioner here being variously indebted, insolvent and imprisoned, his proceeding was properly brought under article 4 of the Debtor and Creditor Law.

Articles 5 and 6 of the Revised Statutes, in substantially the same form as articles 4 and 5 of the Debtor and Creditor Law, were enacted as early as 1819, and the provisions thereof have thus been continued since that time; and while the comparatively fine distinctions between those articles may have been explained if not justified by the state of the law and the industrial development of that time; as well as by the absence of that sympathy which called forth Pope's observation of " man's inhumanity to

man," it now seems clear that any reason that may have existed at earlier periods for continuing these two wholly separate and similar statutes, have ceased to exist. In the present conditions, and in view of modern practice in the courts, these two articles of the Debtor and Creditor Law are a source of confusion, and constitute at least an artless and undesirable aggregation of statutory provisions. It may fairly be hoped that these two articles may be recast so that a single article will contain the necessary provisions to insure the relief that may be had now by resort to the provisions of both of them, many of which are substantial duplications.

The petitioner is entitled to an order directing the execution of an assignment to a trustee to be named by the court, to the end that he may be discharged.

An order may be entered accordingly.