In the Matter of the Application of ISADORE BERMAN, an Insolvent Debtor, to Be Exempted from Arrest.
BENJAMIN RAYMAN, Appellant; ISADORE BERMAN, Respondent.

First Department, March 22, 1935.

*David Weinstein* of counsel [*Probst & Probst*, attorneys], for the appellant.

*Sidney Elliott Cohn* of counsel [*Julia C. Algase* with him on the brief; *Louis B. Boudin*, attorney], for the respondent.

GLENNON, J.    The petitioner, a judgment debtor, made an application for an order exempting him from arrest pursuant to the provisions of article IV of the Debtor and Creditor Law.    Appellant opposed the motion at Special Term without success.    The order entered is attacked on this appeal.

We are of the opinion that the court erred in granting this application, since the debt upon which the appellant's judgment was rendered did not arise " upon a contract previously made " within the meaning of section 101 of the Debtor and Creditor Law.

The appellant instituted an action against the petitioner for conversion in the City Court, Bronx county.    The latter interposed a defense that the debt had been discharged in bankruptcy.    It appears, without contradiction, that the court submitted the case to the jury upon the theory of conversion.    A verdict in the sum

of $1,988.10 was rendered against the petitioner, and subsequently the judgment entered thereon was affirmed by the Appellate Term.

We cannot accede to the contention of the petitioner that since the tort has ripened into a judgment the original cause of action has been extinguished entirely in such a manner that the original debt is now based solely upon contract.

While it is true that judgments are frequently referred to as contracts, still we should be careful whenever necessary to differentiate between them. The distinction is made clear in *O'Brien* v. *Young* (95 N. Y. 428), wherein Judge EARL said in part: " But is a judgment, properly speaking, for the purposes now in hand, a contract? I think not. The most important elements of a contract are wanting. There is no *aggregatio mentium*. The defendant has not voluntarily assented. All the authorities assert that the existence of parties legally capable of contracting is essential to every contract, and yet they nearly all agree that judgments entered against lunatics and others incapable in law of contracting are conclusively binding until vacated or reversed. In *Wyman* v. *Mitchell* (1 Cowen, 316), SUTHERLAND, J., said that ' a judgment is in no sense a contract or agreement between the parties.' In *McCoun* v. *The New York Central and Hudson River Railroad Company* (50 N. Y. 176), ALLEN, J., said that ' a statute liability wants all the elements of a contract, consideration and mutuality, as well as the assent of the party. Even a judgment founded upon contract is no contract.' In *Bidleson* v. *Whytel* (3 Burrows, 1545–1548), it was held after great deliberation and after consultation with all the judges, Lord MANSFIELD speaking for the court, ' that a judgment is no contract, nor can be considered in the light of a contract, for *judicium redditur in invitum*.' * * *

" But in some decided cases, and in text books, judges and jurists have frequently, and, as I think, without strict accuracy, spoken of judgments as contracts. They have been classified as contracts with reference to the remedies upon them. In the division of actions into actions *ex contractu* and *ex delicto*, actions upon judgments have been assigned to the former class."

Since the debt in this case did not arise " upon a contract previously made " but was based upon a conversion, the petitioner was not entitled to an order exempting him from arrest under the provisions of the Debtor and Creditor Law.

We do not deem it necessary to discuss the point made by appellant with reference to the apparent defect in the petition, as the fundamental theory upon which it was predicated was basically unsound.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied.