In the Matter of the Application of ELMER A. PERINE, an Insolvent Debtor, to Be Exempted from Arrest.

County Court, Nassau County, February 27, 1936.

*Samuel Saline,* for the petitioner.

*Schenker & Schenker,* for William G. Mulligan, Jr., objecting creditor.

JOHNSON, J. The petitioner is seeking exemption from arrest as an insolvent debtor under the provisions of article 4 of the Debtor and Creditor Law. In his petition he prays to be exempted from arrest " by reason of a debt arising upon a contract previously made or any existing judgment against him or otherwise."

William G. Mulligan, Jr., a creditor, has filed objections — one of which is that the petitioner is not entitled to the relief demanded in his petition as against the objecting creditor by reason of the fact that such creditor is a judgment creditor holding a judgment against the petitioner which was a judgment in tort arising out of an assault and battery.

The petitioner moves to strike out such objection and the objecting creditor moves to dismiss the petition as to him, thus raising the question whether under article 4 of the Debtor and Creditor Law the petitioner may be exempted from arrest under a judgment in tort arising out of assault and battery.

Article 4 of the Debtor and Creditor Law provides that an insolvent debtor may be exempted from arrest or discharged from imprisonment as prescribed in that article (§ 100). The petitioner must pray that he be so exempted " by reason of a debt, arising upon a contract previously made " (§ 101).

He is required to annex to his petition a schedule such as is required in article 3 and an affidavit that he has not disposed of any of his property for the future benefit of himself or family or in order to defraud his creditors (§§ 102 and 103). If an order is made directing an assignment and an assignment made accordingly, the court must grant him a discharge declaring him forever thereafter exempted from arrest or imprisonment " by reason of any

debt due at the time of making the assignment, or contracted before that time, though payable afterwards " or by reason of any liability incurred by him on a bill of exchange or promissory note (§ 107).

Upon the face of this statute it would seem, therefore, that the right to exemption is confined to contractual indebtedness, that is, a debt arising upon a contract previously made. Such is the specific provision of section 101. The provision of section 107 is substantially the same, because the words therein used, " debt due at the time of the making of the assignment," are modified by the use of the subsequent words which show that the debt meant is a debt contracted, whether then due or payable afterwards.

In the only recent decision of an appellate court it was expressly held by the Appellate Division in the First Department that a judgment in a conversion action was not a debt upon a contract previously made and was not within the provisions of article 4 of the Debtor and Creditor Law so as to permit the judgment debtor to be exempted from arrest upon such a judgment. (*Matter of Berman*, 244 App. Div. 95.)

Petitioner, however, contends that this decision is erroneous and he urges that, if article 4 be construed to apply only to debts arising out of contract it would be meaningless and ineffectual because arrest or imprisonment upon such a debt is and has been for many years under our statutes impossible. An examination of the statutes is necessary in order to determine whether such contention may be sustained.

Articles 4 and 5 of the Debtor and Creditor Law are a continuance of legislation originally enacted in 1819. The provisions thereof, in substantially the same form as they exist today, were enacted into and became a part of the Revised Statutes, were at one time transferred to the Code of Civil Procedure and were finally placed in the Debtor and Creditor Law.

Article 4 relates to debts " arising upon a contract previously made." As to such debts, an insolvent debtor by following the procedure of the article may obtain exemption from arrest before arrest is made or discharge from imprisonment after arrest has been made.

Article 5, on the other hand, applies only to a person who has already been in prison, and applies to such imprisonment " by virtue of an execution to collect a sum of money issued in a civil action or special proceeding " (§ 120).

If, however, the sum or sums for which he is imprisoned exceed $500, he cannot present a petition for discharge until he has been imprisoned for at least three months (§ 122).

In *Creble* v. *Youzwiak* (138 Misc. 543) Mr. Justice McNAMEE, at Special Term of the Supreme Court in Columbia county, held that article 4 applied to a claim arising in tort as well as one arising in contract and said that articles 4 and 5 are a source of confusion.

On the contrary, it seems to me that they may be easily distinguished. Article 5 affects only a debtor who has been arrested and imprisoned upon an execution following a judgment, whether the judgment be one arising out of tort or of contract. If, however, the judgment exceeds $500, he may not be discharged until he has been imprisoned for at least three months.

Article 4, on the other hand, relates only to debts arising out of contract previously made and the debtor need not await judgment and imprisonment on execution before taking action. If he is insolvent, he may obtain an order exempting him from arrest before the arrest is made or even before an action is brought; or, if he has already been arrested, whether before or after judgment, he may obtain his discharge.

If article 4 was held to apply to all judgments, whether arising out of tort or contract, the anomalous situation would result that a judgment debtor on a tort judgment of more than $500 could obtain exemption from arrest or discharge from imprisonment under article 4 in spite of the provisions of article 5 to the effect that he cannot be discharged from imprisonment in such case until he has been imprisoned for at least three months.

The two articles must be construed so that they will be consistent, and if article 4 is construed to relate only to contractual indebtedness, that end is attained. The result would be that if the debtor is a contract debtor, he may obtain exemption from arrest in advance, or, if he is imprisoned, may obtain discharge from imprisonment at once; but, if he is not a contract debtor, but is, for example, a debtor in tort for more than $500, he cannot obtain exemption from arrest in advance, and if imprisoned, must remain in prison for at least three months before he may apply for discharge.

The petitioner further contends, however, that if article 4 be construed as relating only to debts arising out of contract it is meaningless, because arrest may not be had on such a debt. That is not the fact. When the statute was first enacted in 1819, imprisonment could be had on a simple contract debt. That has not been possible since the enactment of the so-called " Stilwell Act " (Laws of 1831, chap. 300) abolishing the right to imprison for simple debt. (See Civil Rights Law, § 21.) Since that time provisions relating to arrests in civil actions and upon body executions have been in the statute in substantially the form in which they now exist in sections 764, 826 and 827 of the Civil Practice

Act. It will be noted that under subdivision 10 of section 826, arrest may be had in an action upon contract where the complaint alleges that the defendant was guilty of fraud in contracting or incurring the liability, or where, after making the contract or in contemplation of its making, he has removed or disposed of, or is about to remove or dispose of his property with intent to defraud his creditors. It appears, therefore, that there are cases where a contract debtor is subject to arrest and consequently to imprisonment on a body execution. That, no doubt, explains why article 4 of the Debtor and Creditor Law has been consistently continued and re-enacted right down to recent date in spite of the abolition of imprisonment for simple debt as long ago as 1831. Indeed, the Court of Appeals so held in *Develin* v. *Cooper* (84 N. Y. 410). It was there contended that what is now article 4 of the Debtor and Creditor Law was repealed by implication by the act to abolish imprisonment for debt. (Laws of 1831, chap. 300.) The court held that the provisions of the two statutes were not so inconsistent and incompatible as to sustain a finding of repeal by implication. It was further there contended that the Code provision for the arrest of a debtor, who was guilty of fraud in contracting the debt, was not consistent with the statute which would exonerate him from imprisonment. The court, however, held against that contention. The obligation still remained one arising on contract. For that alone, the debtor would not be liable to arrest but would be so liable if the debtor was guilty of fraud in contracting the debt. It still remained a case of contract, that is, a case of debt, and as the Court of Appeals said (at p. 418): " The statutes unrepealed provide for a discharge from imprisonment by reason of any debts arising upon contracts previously made. We do not find in the Code, the intention of the Legislature, that where the debt was created in fraud, the debtor should never be exonerated from imprisonment for such a debt on complying with the provisions of laws; " and at page 419: " The fifth article is more general in its scope, and takes in all creditors and all imprisonment on contract, and includes the execution creditor with the rest."

The fifth article of the Revised Statutes, there referred to, is the present article 4 of the Debtor and Creditor Law.

It seems to me that the decision of the Court of Appeals in that case sustains the distinction which I have endeavored to point out between articles 4 and 5 of the Debtor and Creditor Law, and while article 5 covers all debtors, article 4 applies only to those whose debts arise out of contracts previously made.

In this respect I am confirmed by a comparison of the provisions of sections 101 and 107 of article 4 of the Debtor and Creditor Law

with the provisions of sections 83 and 86 of article 3 of that law, providing for the discharge of an insolvent from his debts. Such comparison shows that the debts from which he may be discharged in article 3 are exactly the same as the debts upon which he may be exempted from arrest under section 107 of article 4, that is, debts contracted before the time of the discharge, whether then due or payable afterwards, and thus being confined to debts arising out of contract. With those two sections making substantially the same provision, it would be anomalous to hold that a debtor might be exempted from arrest upon a judgment in tort for assault and battery when he could not be discharged from such a debt either under article 3 of the Debtor and Creditor Law or even under the Bankruptcy Act.

I am, therefore, constrained to hold that article 4 of the Debtor and Creditor Law was properly construed in *Matter of Berman* (*supra*) and does not extend to a judgment debtor against whom the judgment arose out of tort for assault and battery. As the petitioner in this case cannot, therefore, be exempted from arrest under such a judgment, it follows that the objection of the objecting creditor on that ground is good, and that the motion to strike out the same must be denied. As to that objecting creditor, therefore, the petition is not good, because it seeks relief which as against him cannot be given. The motion to dismiss the petition as to that objecting creditor, therefore, must be granted.