NEW-YORK,
Nov. 1809.

JACKSON
v.
PARKHURST
and others.

Where *A.* by his attorney, executed a lease to *B.* for three years, and after the expiration of the term, *B.* applied to the attorney, to know if he was authorised by *A.* to enter into a new agreement, and the attorney replied that he was not, but said that *B.* might continue in possession of the premises, until he heard from *A.* it was held, that *B.* was, after the expiration of the term, a mere tenant at sufferance, and not entitled to a notice to quit, previous to an action of ejectment.

JACKSON, *ex dem.* VAN CORTLANDT, *against* PARK-HURST and others.

THIS was an action of ejectment. The cause was tried at the *Oneida* circuit, the 5th *June*, 1809, before Mr. Justice *Yates.*

At the trial, it was proved, that the lessor of the plaintiff, by his attorney, duly authorised for that purpose, on the 1st *April,* 1803, executed a lease of the premises in question to the defendants, for three years, ending on the 1st *April,* 1806. On the 15th *December,* 1807, the attorney of the plaintiff sent a written notice to the defendants, demanding a surrender of the possession of the premises, and that, if they neglected to deliver up the possession, they would be answerable for double rent; and that the lessor refused to let them occupy the premises. The defendants were in possession when this suit was commenced. It appeared, that in *June,* 1806, one of the defendants applied to the attorney of the lessors, to know if he had received any instructions as to leasing or selling the premises; who replied, that he had not, nor was he authorised to make any new agreement with the defendants, but advised them to continue in possession, until they heard from the lessor. The attorney received no instructions as to a new agreement, until some time in the autumn of 1807, when he was empowered to execute a new lease of the premises to the defendants for seven years; but the defendants refused to accept the lease.

The counsel for the defendants insisted, that the defendants were entitled to a notice to quit, previous to bringing the ejectment; and, under the direction of the judge, the jury found a verdict for the plaintiff, subject

tó the opinion of the court, on the question, whether the defendants were entitled to such notice.

The case was submitted to the court, without argument.

NEW-YORK, Nov. 1809.

LAWRENCE v. HOUGHTON.

*Per Curiam.* No notice to quit was requisite in this case. After the expiration of the lease, the tenants did not continue in possession by any new agreement with the plaintiff; nor did the plaintiff do any act whatever, from which a renewal of the contract, or a consent to the tenants to hold for a year, could be inferred. The proof is decisive, that the agent, who gave the lease for three years, had no authority to make any new agreement, and that he so declared to the tenants. The defendants were, therefore, no more than tenants at sufferance. There must be a judgment for the plaintiff.

Judgment for the plaintiff.