## Livingston *vs.* Tanner.

Any one who continues in possession, without agreement, after a particular estate ended, is a tenant at sufferance.

The purchaser of the estate of two tenants for life, remaining in possession after the death of the survivor, becomes a tenant at sufferance, to the owner of the fee, or person entitled to the possession.

By the revised statutes, a tenancy by sufferance, created by the tenant's holding over, or otherwise, may be terminated by the landlord's giving one month's notice, in writing, to the tenant, requiring him to remove; and at the expiration of one month from the service of such notice, the landlord may re-enter, or maintain ejectment, or proceed in the manner prescribed by law to remove such tenant, without any further or other notice to quit.

Where no such notice to quit has been given to the tenant, he is not guilty of wrongfully withholding the possession.

Under the code (§ 167, sub. 5) the plaintiff in an action to recover the possession of land, may also recover for the use of the land, while the defendant has kept him out of possession: or, he may recover the land in one action, and may afterwards bring his action for the rents and profits.

But the rule that a party must recover *secundum allegata*, is as applicable to actions brought under the code, as it was before the adoption of the code; which requires the true cause of action, more than ever, to appear in the complaint.

The code, while it allows damages for the ouster and the rents and profits, to be recovered in the same action, recognizes the distinction between them.

To constitute therefore a foundation for proving a claim for the recovery both of the "real property," and "*the rents and profits of the same*," the complaint should contain in substance the same allegations which the revised statutes required to be inserted in the suggestion for the recovery of mesne profits.

Without such allegations in the complaint, there is nothing to apprise the defendant that such a claim will be made at the trial; and the plaintiff will not be allowed to prove the yearly value of the land; nor to recover for its use.

Action to recover the possession of land, tried at the Columbia circuit, in October, 1850, before Mr. Justice Parker. The complaint alledged, that the plaintiff was seised of the farm therein described, of which the defendant was in possession, and the possession of which he unlawfully withheld from the plaintiff; and that the plaintiff had sustained damages, by reason of such withholding, to the amount of $300; and demanded judgment, that the defendant, forthwith, deliver the possession and pay the plaintiff $300, for the damages he had sustained, by reason of the withholding of the possession of the premises from him.

The defendant, by his answer, denied that the plaintiff was seised of the premises, or that he unlawfully withheld the possession. He also denied that the plaintiff had sustained the damages alledged.

Upon the trial, the plaintiff, after proving that he had acquired the title which Robert Livingston, his grandfather, had in the premises, at the time of his death, gave in evidence, an agreement between Robert Livingston and Adam Dings, junior, bearing date the 13th of March, 1789; whereby Robert Livingston sold to Dings, all the improvements upon the farm in question, for the consideration of £150, to be paid on the first day of November then next, and to pay, yearly, the quantity of twenty-four skipples of good clean merchantable winter wheat, four hens, and two days' riding with wagon, or sled, and a driver to drive the same, the first wheat rent to be paid on the first day of January, 1791, and so on, and every year during the term of the lives of the said Adam Dings, junior, and Margaretta Haver, his wife. Of all which, indentures were to be entered into within one year from the date thereof.

The plaintiff also proved that the defendant had acquired the interest of Adam Dings, junior, in the farm, and was in possession at the time of the commencement of this action. He also proved, that Adam Dings, junior, died on the 21st of March, 1748, and Margaretta Haver died on the 14th of April, 1849. This suit was commenced on the 6th of August, 1849. The plaintiff then offered to show the yearly value of· the farm, and claimed to recover the same, as mesne profits, since the death of Margaretta Haver. The defendant objected to such proof, on the ground that the complaint contained no statement of any such claim. The court overruled the objection, and the defendant excepted.

The plaintiff having rested, the defendant's counsel moved for a nonsuit, upon the following grounds. 1. That the agreement of the 13th of March, 1789, and the subsequent occupation under it, operated to vest in Dings, and his assigns, the entire interest of Robert Livingston, subject to the payment of the £150 and the stipulated rent during the lives of Dings and his

Livingston v. Tanner.

wife—or, if this was not the true construction to be given to the agreement, then, that it should be considered as amounting to a lease of the premises in perpetuity, reserving the rent therein mentioned. 2. That if the instrument was to be construed as a lease for the lives of Dings and his wife, then the defendant was a tenant at will or sufferance, and entitled to a notice to quit, before he could be ejected from the premises. The court decided against the defendant, upon all and each of these propositions, and denied the motion for a non suit, and the defendant's counsel excepted. The court instructed the jury that the plaintiff, upon the evidence, was entitled to recover. To this instruction the defendant's counsel also excepted. The court also instructed the jury, that the plaintiff was entitled to recover the rent for the premises, from the death of Margaretta Haver to the day of trial. To this instruction, the defendant's counsel also excepted. The jury found a verdict for the plaintiff, and assessed his damages at $190. Judgment having been entered, in pursuance of the verdict, the defendant appealed.

*J. H. Reynolds*, for the plaintiff.

*J. Van Buren*, for the defendant.

*By the Court*, HARRIS, J.  I think it very clear that it was the intention of the parties to the agreement of the 13th of March, 1789, that Dings should have a lease of the farm during the lives of himself and his wife. Whether the instrument would operate as a lease, or an agreement for a lease, it is not important now to inquire. In either case, the estate, which it was intended that Dings and his assigns should have, has been determined, and the plaintiff has become seised of the entire estate. But, I think a notice to quit, was a necessary pre-requisite to the plaintiff's right to maintain this action. Assuming that the agreement of the 13th of March, 1789, was a grant for the lives of Dings and his wife, the defendant, upon the death of Margaretta Haver, the wife, became a tenant at sufferance. Such a tenant is defined to be one who at first, came in by law-

ful demise or title, and, afterwards, continues wrongfully in pos-
session. (2 *Bl. Com.* 150. 4 *Kent's Com.* 116. *Crabb's Law
of Real Property*, § 1597.) "Any one," says the latter writer,
" who continues in possession, without agreement, after a partic-
ular estate ended, is a tenant at sufferance;" and he gives as an
apt illustration of this kind of tenancy, the case of a tenant
*pur autre vie*, who continues in possession after the death of the
*cestui que vie*. So, Archbold says : " If land be let to a man
for his own life, and he die, the lessor may immediately com-
mence an ejectment against any person who may, at the time, be
in the occupation of it. So, if land be let to a man for the life
of another, and the *cestui que vie* die, and the lessee hold over,
the lessee thereupon becomes tenant *at sufferance.*" (*Archb.
Land. and Ten.* 217. *See also Woodf. Land. and Ten. ch.*
7, § 4, *p.* 190 ; *Comyn's Dig. tit. Estates*, I. 1 ; *Rowan* v. *Ly-
tle*, 11 *Wend.* 617.)

At common law, a tenancy at sufferance might be determined
by mere entry. No demand of possession, or other notice, was
necessary. (*Archb. Land. and Ten.* 78. *Jackson* v. *Park-
hurst*, 5 *John.* 128. *Jackson* v. *Mc Leod*, 12 *Id.* 182.) This was
the law of this state, until 1820, when it was declared by our
legislature, that in case of a tenancy at will or sufferance, the
landlord or lessor should give three months' notice in writing,
requiring the tenant to remove, before applying for relief, under
the landlord and tenant act. (*Sess. Laws* 1820, *p.* 177.) And
the revised statutes provide, that a tenancy by sufferance, crea-
ted by the tenant's holding over or otherwise, may be terminated
by the landlord's giving one month's notice in writing to the ten-
ant, requiring him to remove, and that, at the expiration of one
month from the service of such notice, the landlord may re-enter
or maintain ejectment, or proceed in the manner prescribed by
law, to remove such tenant, without any further or other notice
to quit. (1 *R. S.* 745, §§ 7, 9.)

When the tenancy expires on a day certain, the tenant re-
quires no notice to inform him when he ought to surrender the
possession. He must leave on that very day, or the landlord
may institute summary proceedings against him. But in the

Livingston v. Tanner.

case of a tenancy at will, or by sufferance, there is no certain day when the tenant is to quit the possession; and, therefore, the legislature has prescribed that such a tenancy shall end at the expiration of one month after service of notice to quit. "The object of the notice," says Savage, Ch. J. in *Rowan* v. *Lytle*, above cited, p. 614, "is to terminate the tenancy at will or sufferance—to inform the tenant when his term expires—in other words, when he must quit the possession." In the case before us, Dings had conveyed all his interest under the lease, some 30 years before this action was brought, and had removed from the county. It may well be, that the defendant was ignorant of the death of both Dings and his wife, up to the very time that this action was commenced. The legislature did not intend that he should be required, at the peril of an action against him for wrongfully withholding the premises, to keep a sentinel to watch when Margaretta Haver, wherever she might be, should expire; or that he should be prepared, upon the instant when that uncertain event should happen, to surrender the premises. It has been deemed more reasonable that the landlord, seeking to recover the possession of his premises, should apprise the tenant that his term had ended, and that he should have one month to quit after he receives this information. No such notice having been given to the defendant, he was not guilty of the wrongful withholding alledged in the complaint.

I think, too, that there was error in allowing the plaintiff, if the action was sustained, to recover for the rent of the premises from the death of Margaretta Haver until the day of trial. At common law, the plaintiff in ejectment could only recover the value of the land for the time that he had been kept out of possession, by a separate action of trespass for mesne profits. By the revised statutes, (2 *R. S.* 310, § 44,) the mesne profits were recovered upon a suggestion made upon the record of the judgment in ejectment. But the code authorizes a plaintiff to unite in the same complaint, " claims to recover real property, with or without damages for withholding thereof, and the *rents and profits* of the same." (*Code*, § 167, *sub.* 5.) So that now, the plaintiff in an action to recover the possession of land, may also

recover for the use of the land, while the defendant has kept him out of possession. Or, he may recover the land in one action, and, having recovered, may afterwards bring his action for the rents and profits. I suppose it is optional with him, whether he will unite the two causes of action, or not.

But the rule that a party must recover *secundum allegata,* is as applicable to actions brought under the *code,* as it was before the adoption of the code. The plaintiff here has alledged merely that he was, at the time of bringing his action, seised of the land, and that the defendant was then in possession of it, unlawfully withholding that possession from him; by reason whereof he had sustained damages, &c. There is no allegation corresponding with the declaration for mesne profits at common law, or the suggestion of the revised statutes. It is not stated that the defendant had withheld the premises or had been in possession for a single day, before the action was brought. The code, more than ever, requires the true cause of action to appear in the complaint, and yet, if the plaintiff can, upon what he has alledged, be allowed to recover for the rents and profits of the farm from the death of Mrs. Dings to the time of trial, he will recover for what is not even claimed in his complaint.

In the action of ejectment the plaintiff, besides recovering the property, recovered damages for the supposed *ouster.* It is true, that these damages were merely nominal, but the plaintiff was as much entitled to them, as to the property itself. After recovering such damages, he might proceed by a new action, or, after the adoption of the revised statutes, by suggestion, to recover for the rents and profits, during the time he had been left out of possession. Thus, the damages for the ouster, and the mesne profits, were treated as distinct things, recoverable by separate proceedings. (*Archb. Land. and Ten.* 231.) So, the code, while it allows such damages, and the rents and profits, to be recovered in the same action, recognizes the distinction between them. It declares that " claims to recover real property, with or without damages for withholding thereof, *and the rents and profits of the same,*" may be united. (§ 167, *subd.* 5.) In this case, the plaintiff, in his complaint, did not elect to unite

---
Lockwood *v.* Thorne.

---

his claim for the rents and profits, with that to recover the land, and damages for withholding. To constitute a foundation for proving such a claim the complaint should have contained, in substance, the same allegations which the revised statutes required to be inserted in the suggestion for the recovery of mesne profits; allegations which would have been sufficient, at common law, to sustain an action for use and occupation. This complaint contains nothing of the kind, nor even a claim for the rents and profits. There was nothing to apprise the defendant that such a claim would be made at the trial. It was error, therefore, to allow the plaintiff to prove the yearly value of the land, or to recover for such use. The judgment should be reversed, and a new trial awarded.

[ALBANY GENERAL TERM, February 2, 1852. *Parker*, *Wright* and *Harris*, Justices.]