HENRY S. HAUXHURST AND FRANCES SOMERS, RESPONDENTS, *v.* ISAAC LOBREE, APPELLANT.

TENANT AT SUFFERANCE.—At the expiration of the term for which the demised premises are leased, the tenant, by holding over, becomes a tenant at sufferance.

IDEM—NOTICE TO QUIT.—Independent of the statute, the tenant at sufferance is not entitled to notice to quit.

IDEM—STATUTE OF 1861.—The Statute of 1861, relating to landlords and tenants, has not changed the rule, but the remedies therein proved are cumulative.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

This is an action by a landlord for the recovery of the demised premises against one who entered as tenant and held over after the expiration of the term. The demanded premises appear to have been leased by plaintiffs to one Adams, and others, on the 24th of June, 1862, for five years. In 1863, Adams and others subleased the premises to one Prosser, who leased to defendant in 1864. At the expiration of the term, the defendant was in possession, and the plaintiffs commenced this action.

The other facts of the case are stated in the opinion.

*Brown & Bailey*, for Appellant.

*Clark & Carpentier*, for Respondents :

Cited 2 Black. Com. 146; *Rowan* v. *Lytle* (11 Wend. 618); *Moore* v. *Morran* (28 Cal. 554); *Stoppelkamp* v. *Mangeot*, (April Term, 1869.)

RHODES, J., delivered the opinion of the Court :

The defendant contends that the notice to quit was not properly served, and the plaintiffs insist that a notice was unnecessary. At the expiration of the term for which the premises were leased, the defendant, by holding over, became a tenant at sufferance. "An estate at sufferance is, when one comes into possession of land by lawful title, but keeps it afterward without any title at all." (2 Black. Com. 150 ; Taylor's Land. and Tenant, Sec. 64.)

Independent of the statute, the tenant at sufferance is not

entitled to notice to quit. (*Jackson* v. *Parkhurst*, 5 John. 128; *Jackson* v. *McLeod*, 12 *Id.* 182.) The Statute of 1861, relating to landlords and tenants (Stats. 1861, p. 514), has not changed this rule. The remedies therein provided are cumulative. It was not intended to cut off or withhold the right of entry from the landlord, upon the expiration of the term, if the tenant should hold over, and to delay all proceedings on his part until the expiration of a month after the service of a notice to quit; but the purpose of the Act was to give the landlord a more effective remedy, if he should elect to adopt it, by which, after the service of the notice to quit, he could recover from the tenant thereafter remaining in possession for one month, *double rent.* If, after the expiration of the term, the landlord assents to the tenant's remaining, or does any act recognizing him as his tenant, the tenant will then be regarded as a tenant for years; but if there has been no acquiescence on the landlord's part, the tenant acquires no new right in the premises, and the landlord does not lose the right of entry, which accrued to him upon the expiration of the term. But the landlord may avail himself of the remedies provided by the Act, and recover of the tenant, who holds over after the expiration of the month's notice, double rent and the damages mentioned in the Act.

There is nothing in the case showing that the plaintiffs claimed or recovered double rent, and therefore a notice to quit was unnecessary.

Judgment affirmed.

SPRAGUE, J., expressed no opinion.