In the Matter of ANDREW S. ROBERTS, an Insolvent and Imprisoned Debtor, Applying to be discharged from Imprisonment.

An application by an insolvent debtor for exoneration or discharge from imprisonment, under the provisions of article 5, title 1, chapter 5 of part 2 of the Revised Statutes (2 R. S., p. 28 *et seq.*) must be made to one of the officers specified (2 R. S., 34, § 1); it cannot be made to any court.

An order made by the proper officer upon such application is not appealable to the General Term or to this court.

Where the officer by whom the order to show cause is issued, as prescribed by said article (§ 2), is not in attendance on the return day thereof, the proceedings cannot be continued by a justice of the Supreme Court not residing in the county wherein the debtor resides or is imprisoned; and in case they are so continued all subsequent proceedings are void.

Where the proceedings are commenced by a justice of the Supreme Court, another justice holding court in the county is not a "successor in office" of the one before whom the proceedings were commenced, within the meaning of the statute (2 R. S., 35, § 5), and unless he possesses the qualification of residence cannot continue the proceedings.

*In re Roberts* (10 Hun, 253) reversed, but not on point discussed below.

(Argued April 24, 1877; decided May 22, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying an application of the petitioner Andrew S. Roberts, as an insolvent debtor, to be exonerated and discharged from imprisonment. (Reported below, 10 Hun, 253.)

The application was made under article 5, title 1, chapter 5, part 2 of the Revised Statutes. The petition was presented to, and an order to the creditors to show cause was

Statement of case.

granted by Justice DONOHUE, of the Supreme Court, residing in the county of New York. The order was in the form of a Special Term order, and was made returnable September 2, 1876. On that day the parties appeared, but Justice DONOHUE was not in attendance, nor was any other officer competent to act. This was Saturday; on the next court day, September fourth, Justice WESTBROOK, of the third judicial district, who was present at chambers, continued the proceedings until September eighth, and on that day he adjourned them until the first Monday of October. The opposing creditors made objections to such adjournment, on the ground that Justice WESTBROOK had no power to act. Various adjournments were thereafter had at the request of petitioner's counsel, until January 27, 1877, when the matter was presented to Justice DONOHUE. The opposing creditors raised the objection among others that the proceedings had not been legally continued, and that said justice had no jurisdiction. The said justice by order denied application for a discharge.

*Vedder Van Dyck*, for the appellant. Judge WESTBROOK was the successor in office of the judge who granted the order to show cause, although not a resident of the county. (3 R. S. [6 Barb.'s ed.], 221, § 92; id., 223, § 98; id., 446, § 40; Code, §§ 27, 404; *Holstein* v. *Rice*, 24 How. Pr., 140.) The proceedings of the petitioner on the next court day after the order was returnable, there being no court on that day, were according to practice, and regular. (*Mathis* v. *Vail*, 10 How. Pr., 458; *In re Jacobs*, 12 Abb. Pr. [N. S.], 273; *Mahany* v. *Penman*, 4 Duer, 603; *Sullivan* v. *Frazee*, 4 Robt., 516.)

*R. C. Elliott*, for the respondent. The proceedings being statutory, the provision of the statute must be strictly complied with. (*People ex rel. Galston* v. *Brooks*, 40 How. Pr., 165; *People ex rel. Lewis* v. *Daly*, 4 Hun, 641.) Questions of jurisdiction in these proceedings can be raised at any

time. (*In re Wigby*, 8 Wend., 134; 40 How. Pr., 165; 4 Hun, 641.) The application could only be made to an officer residing in the county in which the debtor resides. (2 R. S., 35, § 2; 3 id., [Banks' 5th ed.], 109, 277, 469.)

*Per Curiam.* This was an application under the 5th article of title 1, chap. 5, part 2 of the Revised Statutes, for the purpose of exonerating the person of the petitioner from imprisonment. There are two objections not involving the merits, which we do not see any way to overcome. 1st. The application must be made to certain officers specified, and cannot be made to any court; and an order by such a person is not appealable either to the General Term or to this court. In the *Brady Case* (69 N. Y., 215), the application was under the 6th article, which authorizes it to be made to a court, and we held that it was appealable as an order in a special proceeding under the act of 1854, chap. 270. The remedy, in this case, was by *certiorari.* 2d. The case was out of court by the failure of the presence of a judge competent to sit.

Section 2 (art. 7) provides that applications under the 5th article must be made to an officer residing in the county in which the insolvent or imprisoned debtor resides or is imprisoned; and section 5 provides that in case of disability, resignation, removal from office, or absence from the county of the officer before whom the proceedings were commenced, the same may be continued by his successor in office, or by any other officer, who might have originally instituted such proceedings; and the sixth section provides that, if there is no such officer competent to act, then any judge of the county courts may attend, and adjourn the hearing to the next court of common pleas of the county.

The original order was made on the 20th day of July, 1876, by Justice DONOHUE, returnable on the 2d day of September, 1876. On the return day the parties appeared, but there was no justice in attendance. On the 4th day of September, which was Monday, the next court day, Justice

Westbrook continued the proceedings until the 8th day of September, and on that day he adjourned them until the first Monday of October. Justice Westbrook neither resided in the county or the district. The statute is very specific in designating the officers who are authorized to act in conducting these proceedings. It must be an officer residing in the same county in which the debtor resides or is imprisoned, and this qualification every judge must have or the proceedings go to the Common Pleas, except that the successor of the officer, who made the original order, may act. Judge Westbrook was not in the sense of the statute successor of Judge Donohue, and he lacked the qualification of residence. Objection was duly taken throughout the proceedings, and we feel constrained to hold under the positive provisions of the statutes that Justice Westbrook had no jurisdiction, and that the proceedings were out of court. There was no judge present on the return day, and no one competent to sit until the second day of October. The proceedings could not be revived at that time, and the subsequent proceedings were void.

The question of *res adjudicata* is a more serious one; but it is not necessary to consider it.

The order of General Term reversed, and appeal to that court dismissed.

All concur.

Ordered accordingly.