## New York Marine Court.

### Special Term—November, 1878.

## WILLIAM SPARKS against HORACE ANDREWS.

It is the doing or having done some one or all of the acts which the debtor is required by statute to swear he has not done, which alone constitutes his proceedings "not fair and just," within the statutory meaning of those terms.

Fraudulently contracting the debt on which the judgment in the action was recovered is not ground upon which the debtor's discharge can be refused.

Application for defendant's discharge as an imprisoned debtor under the "fourteen days act."

McAdam, J.—This is an application under what is known as the "fourteen days act," for the discharge of a judgment debtor imprisoned on an execution against his person. The defendant was arrested before judgment on an allegation that he had fraudulently contracted the debt sued on, by means of certain false representations made by him and relied upon by the plaintiff. A motion was made to vacate the order, which was denied by the court on the merits, and this, it is claimed, amounts to an adjudication that the de-

---

The court disposed of the case upon the authority of Livingston v. Tanner (12 *Barb.* 481), and Judge Lott, the chief commissioner, in delivering the opinion of the commission of appeals (on p. 154), says: "I am not aware that this decision has ever been questioned." The case of Vandervoort v. Gould (3 *Trans. App.* 57, 64), decided by the court of appeals, was not called to the attention of the commission of appeals when that tribunal decided Larned v. Hudson, *supra*, nor is it even referred to in its opinion. The cases are seemingly in conflict. If *mesne profits* are not the damages contemplated by section 167 of the late Code, what are?

fendant is guilty of the fraud alleged as the ground of his arrest, and that fact being established, it is contended that he cannot be discharged in this proceeding. The statute (3 *R. S.* 6th Ed. p. 26, § 8) provides, that, at the final hearing, "unless the opposing creditor shall then be able to satisfy the court that the proceedings on the part of the prisoner are not just and fair, the court shall order an assignment and grant a discharge as hereinafter directed." The only question here presented is, whether the fact that the debt due the judgment creditor was contracted through the defendant's fraudulent representations establishes that the proceedings on his part are "not just and fair" within the meaning of the law. The matters in reference to which the debtor's proceedings must be just and fair, are, I think, determined by the oath with which he is required to accompany his application, which must be in the following form:

"I, the within named petitioner, do swear that the within petition and account of my estate, and of the charges thereon, are in all respects just and true; that I have not, at any time or in any manner, disposed of or made over any part of my property with a view to the future benefit of myself or my family, or with an intent to injure or defraud any of my creditors" (3 *R. S.* 6th Ed. p. 26, § 5).

In my judgment it is the doing, or having done, some one or all of the acts which the debtor is thus required to swear he has not done, which alone can constitute his proceedings "not just and fair" within the meaning of the statute (Matter of Brady, 8 *Hun*, 437; and see same case in court of appeals, 69 *N. Y.* 215).

If there be other acts than those recited in the oath which were to deprive the debtor of the right to be discharged, is it not singular that the legislature should have required him to negative, on oath, some, and not all of the grounds which might defeat his application?

If the view here taken be not correct, it would be difficult to conceive of any case in which a prisoner could be discharged under the "fourteen days act." Imprisonment for simple debt has long since been abolished. It is only where some act has been done by the defendant, which may, under the enlarged interpretation put on the words by the plaintiff's counsel, be characterized as "not just and fair," that he can be imprisoned in a civil action, either on mesne or final process. It would follow, if the view of plaintiff's counsel be correct, that in every case in which the defendant is liable to a civil arrest, the facts which render him so would make his imprisonment on execution perpetual.

It is not intended by anything here said, to hold. that in no case will the ground on which a defendant is arrested in an action prevent his discharge from imprisonment on execution. There are cases in which the facts constituting the ground of the preliminary arrest come within the description of those required to be denied by the debtor's oath ; for example, where the defendant has disposed of his property with the intent to defraud his creditors.

It is obvious that, in such cases, the existence of the ground of arrest will be a sufficient reason for denying a discharge.

"It is not necessary," says the court of appeals, in the matter of Brady (69 *N. Y.* 215 ; S. C., 53 *How. Pr.* 128), "to prevent a discharge, to show that a fraudulent disposition was made with a view to the proceedings for his (the defendant's) discharge ; it is sufficient, although made before the commencement of the action, where the order for his imprisonment was based on the ground of such fraudulent disposition."

Where an opposing creditor establishes that the affidavit of the debtor required by the statute to be indorsed upon his position is untrue, this is sufficient to

show that "the proceedings on his part are not 'just and fair' within the meaning of the statute." But in this case, it is not pretended that the defendant has been guilty of any of the wrongs of which the law requires him to purge his conscience by his oath ; and the fraud with which he stands charged, having no relation to the concealment or unlawful disposition of his property, it constitutes, in my opinion, no ground· for withholding his discharge.