HARLOW G. BORTHWICK, RESPONDENT, v. HELEN A. HOWE, APPELLANT, IMPLEADED, ETC.

*Insolvent debtors — application for a discharge from arrest — the petition must be presented to the court — all property owned by the debtor at the time of making the assignment must be assigned — the delivery of the property to the assignee must be proved.*

Where a petition for an insolvent debtor's discharge is, after due notice, presented to and acted upon by the County Court at one of the terms held by it, the fact that the petition was addressed to the judge by whom the court was held, and not to the court itself, does not invalidate a discharge granted upon it.

The statute (sec. 6 of 2 R. S., 32) requires the debtor to assign all the property he has at the time he is ordered to make the assignment, and not merely such as is described in, or as he had at the time of signing the petition.

In order to authorize the making of an order discharging the debtor from arrest, some evidence must be given to show that he has actually delivered to the assignee the property directed to be assigned.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought upon a bond for the liberties of the jail, given by the defendant Jepson as principal, and the defendants Howe and Warren as sureties, dated June 12, 1878. Jepson had been arrested by the plaintiff, the then sheriff of Cortland county, upon an execution against the person, and thereupon this bond was given.

While upon the limits, Jepson made application to the County Court of Cortland, as an imprisoned debtor, for a discharge, and such proceedings were had therein that, on the 26th day of December, 1878, a discharge was granted by the County Court, and Jepson then departed from the limits. The main question presented by the appeal was whether this discharge was valid.

William H. Babcock was the plaintiff in the execution, and after Jepson left the limits he brought an action against the sheriff (Borthwick) for the escape, in which action the sheriff appeared and answered. That suit was tried before Justice FOLLETT without a jury, and a judgment rendered in favor of Babcock for the

amount of the original judgment and interest. In the case at bar, Borthwick recovered against Helen A. Howe, the defendant in this action, the amount of the judgment rendered against him, with interest.

*Duell & Benedict,* for Helen A. Howe, appellant.

*Waters & Knox,* for the respondent.

LEARNED, P. J.:

The question is whether Jepson was legally discharged. The order of discharge was insufficient in its recitals. The defendants endeavored to sustain it by proof *aliunde.*

The debtor's petition was addressed "To the Hon. Abram P. Smith, County Judge of Cortland County." The statute requires a petition to the County Court. (2 R. S., 31, § 1.) *In the Matter of Roberts* (70 N. Y., 5), proceedings were had under article 5, by which the petition must be to an officer. (2 R. S., 28, § 1.) It was held that the proceedings were not in court, and could not be continued by another justice. *In Matter of Brady* (69 N. Y., 217), it was held that proceedings under article 6 were proceedings in a court. In *Heishon* v. *Knickerbocker Insurance Company* (77 N. Y., 278), it was held that where the Code of Civil Procedure (§ 873) authorized a judge to make an order, such order could not be made by the court.

But none of these cases turn upon the mere form of the papers. They are decided on the question what court actually passed on the case. Now, in the present case, Jepson's petition was in fact presented to the County Court, which was the proper tribunal. Notice had been given that it would be so presented. It was acted upon at a term of that court. If there had been no address at all, and if the petition had been in fact presented to the court with proof of the proper notice, could it be said that the absence of an address would make the proceedings void? We think that naming the judge who held the court did not deprive him of jurisdiction to act as a court.

Upon the question as to the time when the affidavit may be made, we need only refer to *Richmond* v. *Praim* (31 Sup. Ct. N. Y. [24 Hun], 578), in which this court discussed that question, and came

to a conclusion favorable to the defendant in this case. The ques-
tion is now settled by the Code of Civil Procedure (§ 2204).

The order made by the County Court December 26, 1878, directing
an assignment to be made by the debtor, orders him to assign "the
estate of the prisoner contained in the account stated and set forth
in his petition, or so much," etc. The assignment made by the
debtor the same day is of "all the estate, real and personal, in law
and equity, contained in account within set forth, or so much," etc.

It is objected that the statute (2 R. S., 32, § 6) requires an assignment
by the debtor "of all his property," and that this must include all
the property which he has at the time when the assignment is ordered
and made, which, in this case, would have been on December 26,
1878, while the assignment actually ordered and made was of what
was set forth in the petition and account, and this account was of
the property owned by the debtor September 21, 1878, nearly three
months previous to presenting the petition, and more than that
time previous to the assignment. We are of the opinion that the
assignment ordered and made must include all property which the
debtor has at the time when the same is ordered and made, and not
merely such as he had at the time of signing his petition. The
debtor might acquire property after he had signed his petition, and
before the order for the assignment, which he ought not to with-
hold. The statute does not say, all the property which he had
when he signed his petition. That signing might take place
months before any proceedings in court.

Section 10 requires the debtor to furnish satisfactory evidence to
the court of the actual delivery of the property directed to be
assigned. No such evidence is recited in the order for discharge.
It is not shown that any such evidence was furnished to the court
before the order was made. It is true that on the present trial the
debtor testifies that the property named in his account was only his
wearing apparel, and that he did not deliver any to the assignee.
But the meaning of the law is, that before ordering the discharge
the court shall have evidence of the delivery. (Sec. 11.) This
implies that there was to be some judicial action on the question
whether the debtor had delivered whatever he should deliver.

It is plain that the discharge is a matter of strict statutory right.
To obtain it the debtor must comply with all the provisions of the

statute. We need not examine the question whether the defendant was bound by the judgment against the sheriff, since the learned justice did not rest his decision on that ground.

The judgment and order are affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order affirmed, with costs.