BENJAMIN RUSSAK, AS SURVIVOR, ETC., APPELLANT, *v.* JOHN SABEY, JR., RESPONDENT.

*Imprisonment of a fraudulent debtor — application for his discharge — when it should be granted.*

Where the warrant issued under the Stilwell act for the commitment of a debtor, did not require the performance of any specific act, he was entitled to a discharge under section 302 of the old Code, when it was shown that he was unable to perform any of the acts required by the statute to enable him to procure his discharge.

*Quœre,* as to whether since the repeal of section 302 of the old Code, any way exists whereby a person committed under the Stilwell act, prior to September 1, 1880, can procure his discharge.

APPEAL from an order of the Onondaga Special Term, discharging the defendant from imprisonment.

*Waters, McLennan & Dillaye,* for the appellant.

*Cowles & Wright,* for the respondent.

SMITH, P. J.:

It was provided by section 302 of the Code of Procedure, that in all cases of commitment under the chapter relating to " proceedings supplementary to execution," or the act to abolish imprisonment for debt, the person committed, might, in case of inability to perform the act required, or to endure the imprisonment, be discharged from imprisonment by the court or judge committing him, or the court in which the judgment was rendered, on such terms as might be just.

An action in this court having been commenced against the defendant by the plaintiff, on contract, proceedings were instituted against him under the non-imprisonment act (Laws 1831, chap. 300), before the county judge of Onondaga county, and the judge having been satisfied that the defendant fraudulently contracted the debt upon which the action was brought, and that he had disposed of certain of his property with intent to defraud his creditors, ordered him to be imprisoned. He was accordingly committed to the Onondaga county penitentiary, on the 16th of May, 1880. In June, 1880, he applied at a special term of this court to be discharged, on

the ground that he was unable to endure the imprisonment, and was unable to perform the act required. His application was granted in October of that year.

The order for his discharge does not specify, nor does it appear from the papers before us, upon which of the grounds stated in the application the discharge was granted. Section 302 authorized the granting of it on either ground, and if it is apparent that either of the grounds existed the order should be affirmed.

It is urged by the appellant that if the decision was made upon the ground that the defendant was unable to endure the imprisonment, it was an abuse of discretion, for the reason that the clear weight of evidence is against the proposition. An examination of the evidence impresses us with the conviction that the defendant failed to show satisfactorily his inability to endure the imprisonment, but the case does not turn on that point. If, as has been suggested, the defendant was unable to perform the act required the order may be sustained on that ground.

It was held in the case of *Maass* v. *La Torre* (6 Abb. [N. S.], 219), that although a warrant of commitment under the Stilwell act does not require the performance of any particular act, yet, if the person committed is unable to do any of the acts specified in the statute to procure his discharge, a case is made for the exercise of the discretionary power given by section 302. We concur in that opinion.

To procure a discharge after commitment, under the non-imprisonment act, the defendant must pay the debt, or give security for its payment, as provided in the tenth section of said act, or execute one of the bonds mentioned in said section. (Sec. 11 of the act.) One of said bonds is conditioned that he will apply for an assignment of his property and for a discharge; the other that he will not remove any of his property with intent to defraud his creditors. (Sec. 10.) The latter bond will suffice only in cases where the sole fraudulent design established against the defendant is that he is about to remove his property with intent to defraud, etc. (Laws 1837, chap. 418, § 1.) It has been held that the bond first mentioned will not avail a defendant who has been committed on the ground that he has made a fraudulent disposition of his property. (*Matter of Brady*, 8 Hun, 437; S. C., aff'd, 69 N. Y., 215.)

Neither of the bonds, therefore, mentioned in the tenth section was available to the defendant, and the proof was ample that he had no means with which to pay or secure the debt. We think that the inability of the defendant to perform the act required, presented a case for the exercise of the discretion of the court at Special Term, and that we ought not to interfere with its decision.

We reach this conclusion with the less reluctance, because it is somewhat doubtful whether, in the present state of the law, there would be any power to discharge the defendant in case the order should be reversed, and he be remanded to prison. Section 302 of the old Code, which gave the power to discharge, was repealed by chapter 245 of the Laws of 1880, which took effect September 1, 1880. The Stilwell act, also, was repealed by the same statute, but the repeal did not affect the plaintiff's proceeding, which had been taken before the repealing act was adopted. (Laws 1880, chap. 245, § 3, subd. 1.) If the statutory right to move for a discharge still exists, it can only be as an incident to the proceeding itself; but that point is so doubtful that we would be unwilling to remand the defendant to prison unless the case clearly entitled the plaintiff to that remedy.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.