IN THE MATTER OF NORMAN B. BROWN, AN IMPRISONED DEBTOR.

*Discharge of an insolvent from imprisonment — Code of Civil Procedure, secs. 2204, 2208 — no limitation as to time beyond which the fraudulent transfers of a debtor cannot be proved.*

Upon an application by an insolvent debtor to be discharged from imprisonment the court refused to receive evidence offered by an opposing judgment creditor, relating to the dealings of the debtor and as to the disposition which he had made of his property prior to the time of the entry of the judgment.
*Held,* that it erred in so doing.
Section 2204 of the Code of Civil Procedure requires the affidavit, to be annexed to the petition, to state, among other things, that he has not "*at any time or in any manner whatsoever* disposed of" his property; if it be shown that the creditor was injured or defrauded by the transaction alleged to be fraudulent, proof thereof may be given whether such transaction preceeded or followed the recovery of the judgment by such creditor or even the inception of the cause of action on which such judgment was obtained.

APPEAL by Persons S. Bernard, a creditor of a judgment-debtor, from an order made by the County Court of Chautauqua county, discharging the said debtor from imprisonment.

*W. Woodbury,* for the creditor, appellant.

*Record & Hooker,* for the debtor, respondent.

SMITH, P. J. :

This is a proceeding under section 2201 of the Code of Civil Procedure, commenced by the petition of the debtor above named to be discharged from imprisonment. He was imprisoned on the 22d of November, 1884, under an execution issued upon a judgment recovered against him and others, by the appellant, on the 5th of March, 1883, for the sum of seventy-two dollars and seventy seven cents.

The petition of the debtor and the schedules and affidavit annexed thereto were apparently regular. That being the case, the court was required to direct an assignment and grant a discharge, as provided by the statute, unless the opposing creditor satisfied the court that the proceedings on the part of the petitioner were not just and fair. (Code, § 2210.) The appellant assumed the burden of proof upon that question, and gave evidence of certain transactions of the debtor respecting his property, from which opposing inferences might have been drawn, as to whether the debtor intended, by such transactions, to so dispose of his property as to defraud his creditors. Much of the evidence related to transactions occurring prior to the date of the judgment upon which the execution was issued, under which the debtor was imprisoned.

It appears from the appeal book that the County Court declined to consider the evidence relating to " the dealings and the disposition of the property " by the judgment debtor prior to the entry of such judgment. In that ruling, we think, the court erred. The statute requires that the affidavit to be annexed by the debtor to his petition shall state, among other things, that he has not, *at any time* or in any manner whatsoever, disposed of or made over any part of his property, etc., and the affidavit, in this case, complied with that requirement. Here is no limitation as to time. Undoubtedly, in order to prevent a discharge, it is necessary that the trans-

action alleged to be fraudulent should have injured or defrauded the creditor contesting the discharge (*Matter of Brady*, 69 N. Y., 215); but if that be the case, we conceive it is immaterial whether such transaction preceded or followed the recovery of judgment by such creditor, or even the inception of the cause of action on which such judgment was obtained. A transfer of property may be made under such circumstances as to be fraudulent against subsequent creditors, as well as those existing at the time. (*Carpenter* v. *Roe*, 10 N. Y., 227; *Savage* v. *Murphy*, 34 i l., 508; *Case* v. *Phelps*, 39 id., 164; *Shand* v. *Hanley*, 71 id., 319.)

For the error above pointed out, the order should be reversed and the proceedings remitted to the County Court of Chautauqua county for a rehearing, with costs of this appeal to abide the event.

HAIGHT and BRADLEY, JJ., concurred; BARKER, J., not sitting.

Order reversed and proceedings remitted to the Chautauqua County Court for a rehearing, with costs of this appeal to abide the event.