HENRY D. POOLE v. MINNIE C. ENGELKE.

1. A tenant for a term certain holding over after the expiration of his term without the assent of his landlord, becomes a tenant at sufferance.
2. By force of the statute (*Gen. Stat.*, *p.* 1915, § 3), a landlord may recover from a tenant at sufferance a reasonable satisfaction for the use and occupation of the premises.
3. The rent stipulated for the term expired is not the exclusive measure of the reasonable satisfaction which the landlord is to recover from such a tenant at sufferance.
4. The supplement to the act concerning landlords and tenants (*Gen. Stat.*, *p.* 1923, ¶ 35), which relates to buildings on leased premises damaged by fire, does not apply to a tenancy at sufferance.

On *certiorari* to the Union Common Pleas.

The respondent, Henry D. Poole, leased to the appellant, Minnie C. Engelke, the store and premises No. 95 Broad street, in Elizabeth. The lease expired on the 1st of April, 1896. The appellant then rented the store and premises from Poole for the month of April, and toward the end of April rented them for the month of May, 1896.

The facts are that it was agreed between them that the tenant would vacate the premises on the 1st day of June, 1896. The circumstances of the letting plainly show that it was a parol lease for the month of May, 1896. On the 30th day of May, and during the period of the lease, a fire occurred in the store, by which it was rendered partially unfit for the carrying on of the business in which the defendant was then and there engaged. Her stock was badly damaged and she was compelled to suspend. She held over on the premises until the 15th day of June, 1896, without making any new express agreement in reference to the hiring or rental of the premises. It was possible for the tenant to have vacated and removed her goods, damaged though they were, before the 2d of June. After the fire the insurance adjusters came to the store and estimated the loss on her stock, and after they had completed their work, for a few days during the middle of

the month of June she sold goods over the counter to the value of $10 or thereabouts. The rent agreed upon between the landlord and tenant for the letting for May was $60. This was paid during May. The appellant remained in the store until the 15th day of June, 1896, when she vacated without paying anything more. Poole brought an action against the appellant in the District Court of the city of Elizabeth for the sum of $60. Trial was had in it and the District Court rendered judgment in favor of Poole and against the appellant for $30 and costs. From this judgment the appellant appealed to the Court of Common Pleas. The Court of Common Pleas, on the facts above stated, rendered judgment against the respondent and in favor of the appellant.

Argued at June Term, 1897, before Justices DIXON, LUD-LOW and COLLINS.

For the plaintiff, *Frank H. Dunn.*

For the defendant, *John F. Brown.*

The opinion of the court was delivered by .

DIXON, J. Upon the facts stated in the certificate of the Court of Common Pleas, it is evident that on the expiration of the tenant's May term she became a tenant at sufferance, and, as the landlord did not assent to the continuance of her possession while it lasted, she remained a tenant at sufferance until she left the premises on June 15th. *Jackson* v. *Parkhurst,* 5 *Johns.* 128 ; *Den* v. *Adams,* 7 *Halst.* 99 ; *Moore* v. *Moore,* 12 *Vroom* 515 ; *Condon* v. *Barr,* 18 *Id.* 113.

It seems that by the common law, while such a tenant was bound to account for the profits of the land (2 *Bl. Com.* 151), he was not liable to an action for rent. *Flood* v. *Flood,* 1 *Allen* 217 ; *Condon* v. *Barr,* 18 *Vroom* 113, 115 ; 1 *Washb. Real Prop.* 408.

But by the third section of our act concerning landlords and tenants (*Gen. Stat., p.* 1915), a landlord may in such a case (*Lanning* v. *Howell, Pen.* 256 ; *Chambers* v. *Ross,*

1 *Dutcher* 293) recover from the tenant "a reasonable satis-faction for the lands, tenements or hereditaments held or occupied by the defendant."

When, in an action for use and occupation, it appears that there was any parol demise, or any agreement (not being by deed) whereon a certain rent was reserved, that rent becomes the exclusive measure of the "reasonable satisfaction" to be recovered. *Perrine* v. *Hankinson*, 6 *Halst.* 181, 184; *Holmes* v. *Stockton*, 2 *Dutcher* 93.

But of course this rule cannot be applied unless the demise or agreement covers the period of occupation. When the ten-ant's possession is outside of the demise or agreement of the parties, the rent fixed for a previous term can be only a circumstance worthy of more or less consideration in arriving at the reasonable satisfaction which the statute gives; and if, as in the present case, the premises have been materially dam-aged in comparison with the condition for which the rent was stipulated, that rent is of slight value as a criterion.

Our conclusion, therefore, is that the Court of Common Pleas should have found for the plantiff such sum as would be a reasonable satisfaction to him for the tenant's use and occupation of the premises, as they were between the 1st and 15th days of June.

In the brief of counsel this case is discussed as if it were affected by the supplement to the "Act concerning landlords and tenants," approved March 5th, 1874. *Gen. Stat., p.* 1923. But this statute is applicable only when *the premises are leased;* neither in letter nor in spirit does it extend to a tenancy which is not in any respect subject to the agreement of the parties.

Whether, if the landlord had assented to the tenant's hold-ing over, so as to convert her into a tenant from month to month at the previous rent, the rent would, by force of the statute, have ceased upon the landlord's failure to repair, as speedily as possible, the damage done by fire in the prior term, we need not now decide.

The judgment below is reversed, and the cause remitted to the Common Pleas for a new trial.